**VAN PROOYEN BUILDERS, INC.,**
Appellant–Defendant

v.

**Earl L. LAMBERT, JR., and Mildred Lambert, Appellee–Plaintiff.**

No. 45A04–0811–CV–662.

Court of Appeals of Indiana.

Aug. 12, 2009.

Michael J. Jasaitis, Timothy R. Kuiper, Austgen Kuiper & Associates, P.C., Crown Point, IN, Attorneys for Appellant.

Scott A. Pyle, UAW Ford Legal Services, Calumet City, IL, Attorney for Appellee.

## OPINION ON REHEARING

NAJAM, Judge.

Van Prooyen Builders, Inc. ("Van Prooyen") petitions for rehearing and claims several errors in this court's opinion in *Van Prooyen Builders, Inc. v. Lambert*, 907 N.E.2d 1032 (Ind.Ct.App.2009) ("*Van Prooyen I* "). We grant rehearing for the

limited purpose of addressing Van Prooyen's contention that the only issue addressed by the trial court and the parties on appeal was whether the Tax Provision violated public policy and, therefore, that this court's opinion should have addressed only that issue.

As noted in our prior opinion, Van Prooyen appealed from the judgment of a small claims court. Small claims courts have "the sole objective of dispensing speedy justice between the parties." *Id.* at 1034. Here, in its administration of speedy justice, the trial court accepted Van Prooyen's interpretation of the contract but held that that interpretation was contrary to public policy. Van Prooyen then appealed, challenged the trial court's rationale, and asked this court to reverse. We declined. Instead, we held that the Tax Provision unambiguously prorated the parties' tax liability. Thus, it was unnecessary for us to address the public policy arguments.

In its Petition for Rehearing, Van Prooyen contends that:

> The parties' arguments and briefs determine what issues are to be adjudicated.... [A]n appellate court may not affirm a judgment where the trial court based its decision upon an invalid theory of law. This is particularly true where the parties have not addressed the merits of the theory on which the judgment is ultimately sustained.

Appellant's Petition for Rehearing at 9 (citations omitted). Van Prooyen misstates the scope of appellate review in a case based entirely on a written instrument.

Where, as here, " 'a small claims case turns solely on documentary evidence, we review de novo, just as we review summary judgment rulings and other paper records.' " *Van Prooyen I,* 907 N.E.2d at 1034 (quoting *Trinity Homes, LLC v. Fang,* 848 N.E.2d 1065, 1067–68 (Ind.2006)). In such appeals, we will affirm the judgment if it is sustainable on any legal theory consistent with the record. *See, e.g., Anderson v. Horizon Homes, Inc.,* 644 N.E.2d 1281, 1289 (Ind. Ct.App.1995), *trans. denied; see also Lake County Auditor v. Burks,* 802 N.E.2d 896, 900 (Ind.2004) (review of general judgments); *Mitchell v. Mitchell,* 695 N.E.2d 920, 923 (Ind.1998) (review of Trial Rule 52(A) judgments). We do not presume error by the trial court, and the burden of proving error is on the appellant. *Baker v. Champion Motor Home Co.,* 505 N.E.2d 144, 149 (Ind.Ct.App.1987), *trans. denied.*

Here, that burden was squarely on Van Prooyen, which chose to make only a public policy argument in its appellant's brief. *See, e.g., Van Prooyen I,* 907 N.E.2d at 1036 n. 2. But in a contract dispute, the first task for the court is to review the text of the contract. And from our examination of the Tax Provision, it was clear to this court that the contract unambiguously prorated the tax liability. Hence, we affirmed on that legal theory, rendering a discussion of public policy unnecessary.

Van Prooyen's arguments that this court is required to address only the legal theory relied upon by the trial court, or that this court "may not affirm a judgment where the trial court based its decision upon an invalid theory of law," are not well founded.[1] *See* Appellant's Petition for Re-

---

1. Van Prooyen cites two cases in support of this position, each of which suggests that this court cannot affirm a trial court's judgment if that judgment relies on an invalid legal theo- ry. *See In re Estate of Fanning,* 263 Ind. 414, 417, 333 N.E.2d 80, 82 (1975); *Data Processing Services, Inc. v. L.H. Smith Oil Corp.,* 493 N.E.2d 1272, 1274 (Ind.Ct.App.1986). But

hearing at 9. Again, the facts were not in dispute, and the only question was one of contract interpretation, which we review de novo. *See Trinity Homes*, 848 N.E.2d at 1067–68. And our conclusion was further compelled by Indiana's statutory definition of "assessment date." *See Van Prooyen I*, 907 N.E.2d at 1037–38. We prefer to consider only the legal arguments advanced by the parties, but our review is not limited merely because Van Prooyen did not fully brief the Tax Provision. As the Lamberts point out, it was a dispute over the meaning of the Tax Provision that gave rise to this cause of action. *See* Appellee's Brief in Response to Appellant's Petition for Rehearing at 6. Indeed, the trial court's interpretation of the Tax Provision was the threshold issue and the legal predicate for its ruling that enforcement of the provision would violate public policy. Thus, the meaning of the Tax Provision was squarely before us, whether or not Van Prooyen addressed it, and our opinion was based on the plain language of the contract and Indiana law.

Van Prooyen's additional requests for this court to remand for the presentation of further evidence, or to order rebriefing on the meaning of the Tax Provision, are denied. Our prior opinion is affirmed in all respects.

FRIEDLANDER, J., and VAIDIK, J., concur.

both of those cases predate our Supreme Court's opinion in *Mitchell* and have, therefore, been impliedly overruled. *See* 695 N.E.2d at 923–24.