STATE of Indiana, Appellant–Plaintiff,

v.

Dustin PRATER, Appellee–Defendant.

No. 08A02–0904–CR–309.

Court of Appeals of Indiana.

March 12, 2010.

Gregory F. Zoeller, Attorney General of Indiana, Cynthia L. Ploughe, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellant.

Bryan K. Coulter, Justice Law Offices, Logansport, IN, Attorney for Appellee.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

Pursuant to Indiana Code Section 35–38–4–2(3), the State appeals the trial court's order granting Dustin Prater's Motion to Correct Error. The State raises a single issue for our review, namely, whether Indiana Code Section 35–48–4–14.5(c) requires an individual in possession of anhydrous ammonia have the personal "intent to manufacture methamphetamine or amphetamine" in order to commit a Class D felony under that statute.

We affirm.

### FACTS AND PROCEDURAL HISTORY

The facts are not in dispute. On May 16, 2008, Derrick German and Prater stole anhydrous ammonia from Royster Clark, an anhydrous ammonia plant, in Carroll County. German and Prater stole the anhydrous ammonia with the intent to sell it to a third party at some point in the future, although they had no one in particular in mind. They assumed that the third party would use the anhydrous ammonia to manufacture methamphetamine. German and Prater were apprehended by police shortly after the theft.

That same day, the State charged Prater with theft, as a Class D felony, and "Illegal Possession of Anhydrous Ammonia," as a Class D felony. ·Appellant's App. at 6. Specifically, the second felony charge alleged that "Prater did possess anhydrous ammonia or ammonia solution with intent to manufacture methamphetamine or amphetamine . . . contrary to the form of the statute in such cases . . . to wit: I.C. 35–48–4–14.5(c)." *Id.* Indiana Code Section 35–48–4–14.5(c) states, in relevant part: "A person who possesses anhydrous ammonia or ammonia solution (as defined in IC 22–11–20–1) with the intent to manufacture methamphetamine or amphetamine, schedule II controlled substances under IC 35–48–2–6, commits a Class D felony."

The trial court held Prater's jury trial on November 18. At that trial, German testified that he and Prater did not personally intend to manufacture methamphetamine with the stolen anhydrous ammonia, but they did intend to sell it to an unknown third party with the assumption that that third party would use the chemical to manufacture methamphetamine. The jury returned a guilty verdict against Prater on each charge, and the court sentenced Prater to concurrent terms of three years for theft and one year for illegal possession of anhydrous ammonia.

Prater then filed a motion to correct error with the trial court. In that motion, Prater asserted that Indiana Code Section 35–48–4–14.5(c) required the State to present sufficient evidence that he personally intended to manufacture methamphetamine with the stolen anhydrous ammonia, which the State failed to do. The trial court agreed, granted Prater's motion and vacated his conviction for illegal possession of anhydrous ammonia, finding "the evidence insufficient to establish beyond a reasonable doubt that the defendant possessed anhydrous ammonia with the intent to manufacture methamphetamine." Appellant's App. at 41. This appeal ensued.

## DISCUSSION AND DECISION

The State asserts that the trial court erroneously granted Prater's motion to correct error. Specifically, the State contends that the court misinterpreted Indiana Code Section 35–48–4–14.5(c) by reading that statute to require proof that the defendant personally intended to manufacture methamphetamine with the anhydrous ammonia. Statutory interpretation is a question of law reserved for the court and is reviewed de novo. *Ind. Pesticide Rev. Bd. v. Black Diamond Pest & Termite Control Inc.*, 916 N.E.2d 168, 181 (Ind.Ct.App.2009) (quotation omitted),

*trans. denied.* De novo review allows us to decide an issue without affording any deference to the trial court's decision. *Id.* Our goal in statutory construction is to determine, give effect to, and implement the intent of the legislature. *Id.* When a statute has not previously been construed, our interpretation is controlled by the express language of the statute and the rules of statutory construction. *Id.* We review the statute as a whole and presume the legislature intended logical application of the language used in the statute, so as to avoid unjust or absurd results. *See Curley v. Lake County Bd. of Elections & Registration,* 896 N.E.2d 24, 34 (Ind.Ct.App. 2008) (quotation omitted), *trans denied.*

As an initial matter, we note that Prater has, it seems, abdicated the position he took in his motion to correct error. Instead, he erroneously alleges that the State failed to support his conviction for illegal possession of anhydrous ammonia with sufficient evidence because the State did not demonstrate that he possessed two or more chemical reagents or precursors. Prater did not raise that argument to the trial court and, therefore, he may not raise it on appeal. *See, e.g., Lea v. Lea,* 691 N.E.2d 1214, 1218 (Ind.1998); *Showalter v. Town of Thorntown,* 902 N.E.2d 338, 342 (Ind.Ct.App.2009), *trans. denied.* In any event, Prater's appellate argument is based on Indiana Code Section 35–48–4–14.5(e)—a subsection that the State never charged Prater with having violated. Before a statutory amendment in July of 2003, the current subsection (e) was labeled as subsection (c), which, apparently, is the source of Prater's confusion. But the law in effect at the time of the offense is the law that applies here. *See Hevner v. State,* 919 N.E.2d 109, 111 (Ind.2010). And it is clear that the State did not charge Prater under the current subsection (e). Thus, Prater's only arguments on

appeal are inapposite and are waived. Ind. Appellate Rule 46(A)(8)(a).

■ Nonetheless, the argument Prater made to the trial court in his motion to correct error was the right argument. Again, the statute in question states, in relevant part: "A person who possesses anhydrous ammonia . . . with the intent to manufacture methamphetamine . . . commits a Class D felony." Ind.Code § 35–48–4–14.5(c) (2007). The first rule of statutory construction is that "[w]ords and phrases shall be taken in their plain, or ordinary and usual, sense." I.C. § 1–1–4–1(1). The words "with the intent" in Section 35–48–4–14.5(c) clearly refer to the "person who possesses" the chemical. Thus, the person who possesses anhydrous ammonia must also personally have the intent to use the anhydrous ammonia to manufacture methamphetamine to commit a Class D felony under that statute.

■ Again, our goal in statutory construction is to determine, give effect to, and implement the intent of the legislature as expressed in the plain language of its statutes. *See Ind. Pesticide Rev. Bd.,* 916 N.E.2d at 181. Here, it is clear that the General Assembly sought a balance between not subjecting citizens who merely possess anhydrous ammonia to possible prosecution while, at the same time, seeking to prohibit the nefarious uses of that chemical. Thus, it is not illegal to simply possess anhydrous ammonia. But it is illegal to possess it so long as the person in possession intends to manufacture methamphetamine.

This reading of subsection (c) is supported by another subsection of the statute, which we must consider. *See Curley,* 896 N.E.2d at 34. Subsection (g) provides: "A person who sells, transfers, distributes, or furnishes a chemical reagent or precursor to another person with knowledge or the intent that the recipient will use the chemical reagent or precursors to manufacture a controlled substance commits unlawful sale of a precursor, a Class D felony." As with subsection (c), under subsection (g) it is not the mere possession of anhydrous ammonia that is criminal. Rather, the criminal act is the sale, transfer, distribution, or furnishing of anhydrous ammonia "to another person with knowledge or the intent that the recipient will use the chemical regent or precursor to manufacture" methamphetamine.

The State argues that this "interpretation effectively immunizes the go-between possessor of anhydrous ammonia even when that person intends for the anhydrous to be used in the methamphetamine process." Appellant's Brief at 6. But the State's argument on appeal, that subsection (c) of the statute does not require a personal intent to manufacture methamphetamine, ignores the "with the intent to manufacture" language. *See* I.C. § 35–48–4–14.5(c). As a result, the State's interpretation would make the mere possession of anhydrous ammonia a crime. If the General Assembly had intended that result, it would not have included the words "with the intent to manufacture" in the statute.

■ Neither does our interpretation "immunize[ ] the go-between." *See* Appellant's Brief at 6. If someone in possession of anhydrous ammonia intends to manufacture methamphetamine, he has committed a crime under subsection (c). And if someone in possession of the chemical actually participates as a "go-between," he has engaged in conduct proscribed by subsection (g). What is *not* proscribed is the mere possession of anhydrous ammonia or even the possession of anhydrous ammonia with the belief that it might one day by sold to an unknown third party who might

then use it in the manufacture of methamphetamine.

■ "[I]n interpreting a statute, we must consider not only what the statute says but what it does not say." *Curley,* 896 N.E.2d at 37. Had the General Assembly sought to criminalize hypothetical conduct such as Prater's, the General Assembly would have made it criminal under subsection (g) for one to *"intend to* sell, transfer, distribute, or furnish" anhydrous ammonia to a third party for the manufacture of methamphetamine. Alternatively, the General Assembly could have written subsection (c) to apply to those who possess anhydrous ammonia with the intent to furnish it to third-party manufacturers of methamphetamine. But the General Assembly has written neither of those subsections in a manner that supports the State's interpretation, and we are obliged to suppose that the General Assembly chose the language it did for a reason. Again, it is not mere possession of anhydrous ammonia that is criminal; it is the possession of anhydrous ammonia with the intent to manufacture methamphetamine that is prohibited. Otherwise, countless individuals who possess or sell anhydrous ammonia for lawful purposes could be charged with illegal possession, which would yield an absurd result.

In sum, the plain language of Indiana Code Section 35–48–4–14.5(c) requires that the person who possesses anhydrous ammonia have the intent to use that chemical in the manufacture of methamphetamine to commit a Class D felony. When a statute is unambiguous, our interpretation is controlled by the statute's express language. *Ind. Pesticide Rev. Bd.,* 916 N.E.2d at 181. Here, the State presented no evidence that Prater personally intended to manufacture methamphetamine. As such, we must affirm the trial court's grant of Prater's motion to correct error, vacating his conviction under Indiana Code Section 35–48–4–14.5(c).

Affirmed.

FRIEDLANDER, J., concurs.

BRADFORD, J., dissents with separate opinion.

BRADFORD, Judge, dissenting.

In my view, persons who possess anhydrous ammonia for purposes of manufacturing methamphetamine, even if they intend for another individual to do the manufacturing, are covered under Indiana Code section 35–48–4–14.5(c) (2007). For this reason, I respectfully dissent.

I understand that the plain language of section 35–48–4–14.5(c) criminalizes a person's possession of anhydrous ammonia "with the intent to manufacture methamphetamine." I am unwilling to infer from this language that the person possessing the ammonia must also intend to be the actual manufacturer. Making methamphetamine is a multi-step, multi-ingredient process, often involving multiple parties, and I cannot conclude that a person whose task it is to collect ammonia to make methamphetamine is somehow immunized from criminal liability if he does not personally involve himself in the manufacturing process. This, in my view, is not a result intended by our legislature.

As the majority observes, Indiana Code section 35–48–4–14.5(g) criminalizes persons who sell, transfer, distribute, or furnish a chemical reagent or precursor to another person with the intent that the recipient use the reagent or precursors to manufacture a controlled substance. Given the obvious intent of the General Assembly to criminalize both the possession and the sale or transfer of ammonia for methamphetamine purposes, I am unwilling to permit Prater's actions to fall

through the cracks. Prater, who fully intended that his ammonia be used to manufacture methamphetamine, did not sell or transfer the ammonia, but he did possess it. I would reverse the trial court's grant of Prater's motion to correct error and its vacation of his conviction pursuant to Indiana Code section 35–48–4–14.5(c).