**Thomas TEMPLE, Appellant–
Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 27A05–1101–CR–31.**

Court of Appeals of Indiana.

Sept. 20, 2011.

Douglas D. Martz, Marion, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, J.T. Whitehead, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BRADFORD, Judge.

Appellant–Defendant Thomas Temple challenges his conviction for Class A misdemeanor Contributing to the Delinquency of a Minor,[1] for which he received a sentence of one year in jail with eight months suspended to probation. Upon appeal, Temple challenges the sufficiency of the evidence to support his conviction and claims that there was a fatal variance between the charging information and the evidence at trial. We affirm.

## FACTS AND PROCEDURAL HISTORY

In the late evening and early morning hours of November 10–11, 2009, A.H., who was fifteen years old at the time, exchanged several text messages with Temple, her twenty-six-year-old neighbor, in which they arranged a sexual rendezvous as soon as A.H. could sneak out of her house. According to A.H., Temple would have been aware of her age since earlier that summer.

During their exchange, Temple asked A.H. if she wanted to go "parking;" suggested that they "hook up;" questioned how "experienced" A.H. was; suggested that A.H. walk down the alley to his house and call from his gate once she snuck out; and ultimately queried whether she was still "cumming."[2] State's Exhs. A–10, A–14, A–31, A–36. A.H. responded by updating Temple about her status, including that she had to wait for her sister to go to bed, that her father had just gone downstairs, and, ultimately, that her parents were

---

1. Ind.Code §§ 31–37–2–2; 35–46–1–8 (2009).

2. There is no dispute in the record that Temple intentionally misspelled this word for sexual effect.

awake and she would be unable to meet him. Apparently, in her attempts to leave, A.H. had encountered first her father, and later, her mother, in the hallway. Her parents exchanged stories, became suspicious, discovered her plan, and prevented A.H. from ever leaving the house.

On June 16, 2010, the State charged Temple with Class A misdemeanor contributing to the delinquency of a minor. In charging Temple, the State alleged that he "did knowingly induce [A.H.] a person under the age of eighteen (18) years of age, to commit a delinquent act, to-wit: I.C. 31–37–2–2 leaving home[.]" App. p. 4. At a January 7, 2011 bench trial, following the presentation of the State's case, Temple moved for a judgment on the evidence on the grounds that he had been charged with inducing A.H. to leave her home, but she had never, in fact, left her home. The trial court denied his motion and found Temple guilty. The trial court subsequently sentenced Temple to one year, with four months served in home detention and eight months suspended to probation. This appeal follows.

## DISCUSSION AND DECISION

Upon appeal, Temple challenges the sufficiency of the evidence to support the verdict and claims that there was a fatal variance between the charging information and the evidence at trial. Both of these claims are based upon Temple's argument that he cannot have induced A.H. to leave her home, as he was charged, because she never, in fact, left her home.

Indiana Code section 35–46–1–8(a) provides as follows: "A person at least eighteen (18) years of age who knowingly or intentionally encourages, aids, induces, or causes a person less than eighteen (18) years of age to commit an act of delinquency (as defined by IC 31–37–1 or IC 31–37–

2) commits contributing to delinquency, a Class A misdemeanor."

Indiana Code section 31–37–2–2 provides, "A child commits a delinquent act if, before becoming eighteen (18) years of age, the child leaves home: (1) without reasonable cause; and (2) without permission of the parent, guardian, or custodian, who requests the child's return."

In charging Temple, the State specifically alleged that he "induced" A.H. to commit the delinquent act of leaving her home. App. p. 4. Temple's challenge is to the meaning of "induce," which he argues requires that A.H. have completed the act he allegedly "induced," namely leaving her home. The State argues in response that "induce" is more akin to "encourage," an act also listed under section 35–46–1–8(a), and is satisfied when the defendant acts to persuade the minor to commit delinquent conduct, regardless of whether the minor ever actually completes the conduct alleged.

Statutory interpretation is a question of law reserved for the court and is reviewed de novo. *State v. Prater*, 922 N.E.2d 746, 748 (Ind.Ct.App.2010), *trans. denied.* Our goal in statutory construction is to determine, give effect to, and implement the intent of the legislature. *Id.* When a statute has not previously been construed, our interpretation is controlled by the express language of the statute and the rules of statutory construction. *Id.* We review the statute as a whole and presume the legislature intended logical application of the language used in the statute, so as to avoid unjust or absurd results. *Id.* The first rule of statutory construction is to give words and phrases "'their plain, or ordinary and usual, sense.'" *Id.* at 749 (quoting Ind.Code § 1–1–4–1(1) (2009)).

Neither party points to a case specifically defining the term "induce." Indeed, this court has recently observed that "in-

duce," a term routinely used by Indiana courts, has not been precisely defined in case law. *See Enhanced Network Solutions Group, Inc. v. Hypersonic Techs. Corp.,* 951 N.E.2d 265, 268 (Ind.Ct.App. 2011), *trans. pending.* According to Black's Law Dictionary, "inducement" is "[t]he act or process of enticing or persuading another person to take a certain course of action." *See* BLACK'S LAW DICTIONARY 790 (8th ed.2004). A common understanding of "entice" and "persuade" suggests that a person need not do anything but influence another's mind or beliefs to have committed "inducement." Temple's restrictive interpretation of "induce" appears counter to this relatively broad definition.

Significantly, in *Dorn v. State,* 819 N.E.2d 516, 520 (Ind.Ct.App.2004), *trans. denied,* this court interpreted the word "entice" in the promoting prostitution statute as *not* requiring some form of completed act.[3] As the *Dorn* court observed, "entice" means only "to attract artfully or adroitly or by arousing hope or desire" and could not be interpreted to require anything beyond "idle chatter." *Id.* Similarly here, we are inclined to interpret "induce" in a manner consistent with its broad dictionary definition, especially given that this interpretation follows this court's prior interpretation of its synonym "entice" and is harmonious with the overall language in the statute. Notably, section 35–46–1–8 criminalizes the mere act of "encouraging," suggesting that the General Assembly intended to criminalize conduct regardless of whether it resulted in a completed act.

Having rejected Temple's proposed definition, we similarly reject his claims, premised upon that definition, that there was insufficient evidence to support the verdict and that there was a fatal variance be-

tween the charging information and the evidence adduced at trial.

The judgment of the trial court is affirmed.

ROBB, C.J., and BARNES, J., concur.

---

**3.** Indiana Code section 35–45–4–4 defines promoting prostitution as, *inter alia,* knowing-

ly or intentionally enticing or compelling another person to become a prostitute.