# FOR PUBLICATION



FILED
Mar 30 2012, 9:34 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANTS:

**C. GREGORY FIFER**
Applegate Fifer Pulliam LLC
Jeffersonville, Indiana

ATTORNEYS FOR APPELLEE:

**DOUGLAS B. BATES**
**BRUCE B. PAUL**
Stites & Harbison, PLLC
Jeffersonville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| CLARK COUNTY DRAINAGE BOARD ) | |
| and CLARK COUNTY BOARD OF ) | |
| COMMISSIONERS, ) | |
| ) | |
| Appellants, ) | |
| ) | |
| vs. ) | No. 10A05-1102-PL-68 |
| ) | |
| ROBERT ISGRIGG, ) | |
| ) | |
| Appellee. ) | |

APPEAL FROM THE CLARK SUPERIOR COURT
The Honorable Vicki L. Carmichael, Judge
Cause No. 10D01-0807-PL-595

**March 30, 2012**

**OPINION ON REHEARING**

**NAJAM, Judge**

Robert Isgrigg files a petition for rehearing from our opinion in which we affirmed in part and reversed in part the trial court's entry of summary judgment for Isgrigg. See Clark County Drainage Bd. v. Isgrigg, ___ N.E.2d ___, 2012 WL 77214 (Ind. Ct. App. 2012) ("Clark County I"). In his petition, Isgrigg contends that our conclusion that the Sunset Hills project did not involve a regulated drain is erroneous for four reasons, two of which we consider on rehearing.[1] For the reasons discussed below, neither of Isgrigg's assertions on rehearing are meritorious. We affirm our prior opinion in all respects.

Isgrigg first asserts that the Sunset Hills project involved tiled drains. In our prior opinion, we noted that "[t]here is no dispute that the Sunset Hills project did not involve a tiled drain." Id. at *10 n.7. Isgrigg made no mention of tiled drains in his appellee's brief. It is well established that a party may not raise an argument for the first time in a petition for rehearing. Carey v. Haddock, 881 N.E.2d 1050, 1051 (Ind. Ct. App. 2008), trans. denied. Nonetheless, in an attempt to avoid his waiver of this issue, on rehearing Isgrigg states that we reached our conclusion "[d]espite the fact that the Drainage Board did not argue . . . the actual physical characteristics of drains associated with the Sunset Hills project . . . ." Appellee's Pet. for Reh'g at 2.[2]

---

[1] We do not consider Isgrigg's argument that easements are present at Sunset Hills. As we stated in Clark County I, Isgrigg himself testified that there were no easements present. Clark County I, at *11. He may not reconsider his own testimony now. We also do not consider Isgrigg's argument under Indiana Code Section 36-2-12-8, which he raises for the first time in his petition for rehearing. As discussed below, a party may not raise a new argument in a petition for rehearing. Isgrigg waived his opportunity to have this court consider the applicability, if any, of Indiana Code Section 36-2-12-8.

[2] In support of this issue Isgrigg cites to an online handbook published by the Indiana Department of Natural Resources ("DNR"). See Appellee's Pet. for Reh'g at 3. The relevance of that handbook is not clear. The handbook was neither offered into evidence at trial nor discussed in the briefs on appeal, and we will not consider it for the first time in a petition for rehearing. Further, at no point in

Isgrigg's claim of surprise on this issue is not well founded. The Drainage Board's second stated issue in its brief to this court was "[w]hether the trial court erroneously concluded that certain drainage improvements . . . resulted in the establishment of regulated drains as defined by Indiana law." Appellant's Br. at 1. The issue was squarely presented, and we addressed it. In considering this issue with respect to the Sunset Hills project, we held that "the Drainage Board's subdivision project did not establish a regulated drain under the Indiana Code." Clark County I, at *1. Our analysis turned on the statutory definition of regulated drains, which, under the plain text of the statute, would include tiled drains if present. Id. at 10-12.

However, instead of arguing that tiled drains were present, Isgrigg made the unsupported argument that any action by the Drainage Board ipso facto established a regulated drain. Id. at 12. The fact that Isgrigg did not address the statutory language in his appellee's brief is not grounds for relief on rehearing. Whether the Sunset Hills project established a regulated drain under the Indiana Code was plainly before us, and our review of a plainly raised issue is not limited by one party's failure to fully address it. See, e.g., Van Prooyen Builders, Inc. v. Lambert, 911 N.E.2d 619, 621 (Ind. Ct. App. 2009), trans. denied. Having missed his opportunity to present this argument on appeal, Isgrigg may not do so for the first time in his petition for rehearing.

Isgrigg next contends that a swale is a regulated drain under the Indiana Code. In our prior opinion, we noted that Indiana Code Section 36-9-27-2 requires an open drain,

this litigation has either side suggested that any standards or regulations of the DNR are at issue or even implicated by this action, and we express no opinion on any such standards or regulations.

which in turn is defined as "a natural or artificial open channel that: (1) carries surplus water; and (2) was established under or made subject to any drainage statute." We then concluded that "the Drainage Board's evidence shows that there were no open channels in the Sunset Hills subdivision either before or after its involvement in the Sunset Hills project. A swale is not a regulated drain." Clark County I, at *11.

In his petition for rehearing, Isgrigg claims that a swale is an open drain because Brian Dixon, the Drainage Board's expert, testified that he considers them to be. Isgrigg does not otherwise question our statutory interpretation. Isgrigg's argument is without merit.

Statutory interpretation is a function for the courts, and our goal in statutory interpretation is to determine, give effect to, and implement the intent of the legislature as expressed in the plain language of its statutes. State v. Prater, 922 N.E.2d 746, 749 (Ind. Ct. App. 2010), trans. denied. "The first rule of statutory construction is that '[w]ords and phrases shall be taken in their plain, or ordinary and usual, sense.' " Id. (quoting Ind. Code § 1-1-4-1(1)) (alteration original). Here, the statutory definition of an open drain requires an open channel, and "open channel" is not defined by statute. Ind. Code § 36-9-27-2. Applying the dictionary definition, a "channel," for our purposes, is "the hollow bed where a natural body or stream of water runs or may run . . . [;] a long gutter, grove, or furrow." Webster's 3d New Int'l Dictionary at 374. Conversely, a swale is "a low-lying stretch of land[;] a small meadow or swamp[;] an elongated depression in the land surface that is at least seasonally wet, is [usually] heavily vegetated, and is normally without flowing water." Id. at 2305. Nothing about the first definition necessarily

4

captures the second.  A "long gutter [or] grove" is not the equivalent of "a low-lying . . . depression."  See id. at 374, 2305.  As such, we affirm our prior opinion.

RILEY, J., and MAY, J., concur.