# FOR PUBLICATION



FILED

Dec 04 2012, 8:54 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANT:

**MICHAEL L. CARMIN**
**GREGORY A. BULLMAN**
Andrews Harrell Mann Carmin & Parker, P.C.
Bloomington, Indiana

ATTORNEYS FOR APPELLEES:

**DONN H. WRAY**
**NICHOLAS K. GAHL**
Stewart & Irwin, P.C.
Indianapolis, Indiana

**STEPHEN SCHRUMPF**
Brown Deprez & Johnson, P.A.
Shelbyville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JAMES T. MITCHELL, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| vs. | ) | No. 53A01-1112-PL-593 |
| | ) | |
| 10TH AND THE BYPASS, LLC, and | ) | |
| ELWAY, INC., | ) | |
| | ) | |
| Appellees. | ) | |

APPEAL FROM THE MONROE CIRCUIT COURT
The Honorable Frances G. Hill, Judge
Cause No. 53C06-0812-PL-3285

December 4, 2012

**OPINION ON REHEARING**

**NAJAM, Judge**

James T. Mitchell has filed a petition for rehearing asking that we reconsider our holding that the trial court did not abuse its discretion when it vacated its interlocutory partial summary judgment for Mitchell under Indiana Trial Rule 54(B). We grant Mitchell's petition to address his contention that our opinion misunderstands and mischaracterizes his argument. We think not. After careful consideration, we conclude that on rehearing Mitchell attempts to adjust and supplement his original argument,[1] which he cannot do. Having reviewed the original briefing, we conclude that we correctly decided the question presented in the first instance on appeal, and, therefore, we affirm our opinion in all material respects.

Among his numerous contentions on rehearing, Mitchell alleges that we allowed the abuse of discretion standard of review to dictate the outcome and to create "bad law." Pet. for Reh'g at 7. Mitchell also criticizes our opinion for its reliance on the plain meaning of Trial Rule 54(B). He further criticizes our opinion for having not taken the "proactive step" of setting forth a list of specific factors that trial judges should consider when exercising their discretion to accept or reject new evidence tendered with a Rule

---

[1] In his Appellant's Brief, Mitchell repeatedly asserted that the "trial court erred when it relied on Trial Rule 54(B)," Appellant's Br. at 6; that "[n]othing in Trial Rule 54(B) allows the trial court to consider evidence that [the LLC originally] failed to designate," id. at 6-7; that "Trial Rule 54(B) . . . does not allow the trial court to consider belatedly[ ]designated evidence," id. at 8; that the LLC's reliance on Johnson's testimony "fell far below the showing of 'due diligence' that was required for them to designate new evidence under Rule 60(B)," id. at 13; and that, "[w]hen a party asks a trial court to reconsider a judgment based on newly[ ]designated evidence[] it must show that the evidence could not have been discovered 'by the exercise of due diligence,'" id. (citing Ind. Trial Rule 60(B)). On rehearing, Mitchell tweaks his original argument to assert, for the first time, that Rule 54(B) contains its own implied provision for the consideration of newly discovered evidence. Pet. for Reh'g at 3-4, 8. We anticipated this argument when we stated that "Mitchell's interpretation [of Rule 60(B)] would, in effect, add a due diligence requirement to the subject-to-revision provision applicable to interlocutory orders under Trial Rule 54(B), a requirement which is simply not there." Slip op. at 10. But whether we consider Mitchell's original argument or its iteration on rehearing, our opinion remains the same: the trial court did not abuse its discretion when it relied on Trial Rule 54(B) to vacate its interlocutory partial summary judgment.

54(B) motion to vacate an interlocutory order.  Id. at 5.  And Mitchell chides us for not adopting federal practice on how a trial court should handle new evidence when reconsidering a partial summary judgment under federal Rule 54(b).[2]

In his Appellant's Brief, Mitchell acknowledged that abuse of discretion is the correct standard of review in this case, that this court will reverse the judgment only if it goes against the logic and effect of the facts or the trial court has misinterpreted the law, that we will not reweigh the evidence, and that we will give the trial court's order substantial deference.  Appellant's Br. at 6.  But Mitchell incorrectly tied the standard of review to "a motion for relief from judgment under Trial Rule 60(B)."  Id.  We applied the standard of review to the trial court's decision to revise its interlocutory partial summary judgment under Trial Rule 54(B), which was the question presented on appeal.

Mitchell argued in the first instance and again on rehearing that the "subject to revision" provision in Trial Rule 54(B) is trumped by the "hard and fast" time limits on the designation of evidence under Trial Rule 56, see id. at 7, and he further maintains on rehearing that we should incorporate the due diligence and newly discovered evidence provisions of Trial Rule 60(B) into Trial Rule 54(B).  We concluded that where, as here, a ruling is non-final and remains in fieri, a trial court has inherent power to reconsider a previous ruling and to consider a repetitive motion for summary judgment, including an

---

[2] Mitchell also urges us to adopt the reasoning from Liggett v. Young, 851 N.E.2d 968 (Ind. Ct. App. 2006), an opinion that was vacated by our Supreme Court, see 877 N.E.2d 178 (Ind. 2007).  Pet. for Reh'g at 9.  This argument differs from Mitchell's argument in his Appellant's Brief that the "trial court improperly relied on Liggett v. Young."  Appellant's Br. at 10 (emphasis removed).  In any event, Mitchell's enthusiasm for the reasoning in Liggett is misplaced.  In Liggett, the trial court entered its partial summary judgment as a final judgment.  851 N.E.2d at 973 n.2.  Thus, we correctly rejected Liggett's argument that the trial court should have considered new evidence under the "subject to revision at any time" provision of Trial Rule 54(B).  Here, of course, the partial summary judgment in question was interlocutory.  Even if Liggett had not been vacated by our supreme court, it would not be on point.

3

interlocutory partial summary judgment order, when presented with newly discovered evidence.[3] We also concluded that a motion to revise an interlocutory order under Trial Rule 54(B) is not equivalent to a motion for relief from judgment under Trial Rule 60(B). We harmonized Rule 54(B) with Rule 56(C) and Rule 60(B), concluding that these rules address different circumstances and serve different purposes. In sum, we understood Mitchell's argument, addressed the argument, and rejected the argument.

In our opinion we noted that the federal courts have consistently permitted the reconsideration of interlocutory partial summary judgments under federal Rule 54(b). Mitchell now complains that we did not go far enough, that federal courts have read the due diligence requirement into the federal rule, and that we failed to "interpret[] the actual standard that federal courts follow when faced with new evidence submitted with [federal] Rule 54(b) motions." Pet. for Reh'g at 3. But Mitchell cited no federal case law in either his Appellant's Brief or his Reply Brief. Having missed the opportunity to present that argument on appeal, it is well-settled that Mitchell may not do so for the first time in his petition for rehearing. See Clark County Drainage Bd. v. Isgrigg, 966 N.E.2d 678, 680 (Ind. Ct. App. 2012); Van Prooyen Builders, Inc. v. Lambert, 911 N.E.2d 619, 621 (Ind. Ct. App. 2009), trans. denied. Mitchell has waived any reliance on federal case law for interpretation of how to consider newly discovered evidence under Rule 54(B). In any event, we stand by the plain meaning of Trial Rule 54(B) and decline Mitchell's

---

[3] Mitchell also contends on rehearing that the evidence in question—Johnson's testimony—was not, in fact, newly discovered evidence. This argument is, in effect, a restatement of Mitchell's contention that the LLC did not act with due diligence in obtaining and designating Johnson's testimony during the original partial summary judgment proceedings. For the reasons stated in our original opinion, this argument must fail.

4

insistence that we rewrite Rule 54(B) and incorporate provisions from other rules into Rule 54(B).

Finally, Mitchell complains that we failed to explain adequately what standards a trial court should consider when it relies on newly discovered evidence as grounds to revise an interlocutory partial summary judgment under Trial Rule 54(B). Rule 54(B) does not enumerate the factors a trial court should consider in deciding whether to revise an interlocutory order, and this court declines Mitchell's invitation to fabricate and incorporate a list of factors into the Rule.[4] Rather, Rule 54(B) codifies the well-established common law rule that a trial court has inherent power to reconsider, vacate, or modify any previous order so long as the case has not proceeded to final judgment. See Wabash Grain, Inc. v. BankOne, 713 N.E.2d 323, 325 (Ind. Ct. App. 1999). This means that motions to vacate interlocutory partial summary judgment orders are considered by our trial courts on a case-by-case basis and are subject to an abuse of discretion standard of review on appeal.

In sum, we understood and decided this appeal based on the facts and argument originally presented by the parties. Our opinion applying Trial Rule 54(B) recognizes the inherent distinction between an interlocutory order and a final judgment and underscores that a party who wants to avoid the risk that an interlocutory order will be revised "at any time" under Rule 54(B) should ask the court to enter the order as a final judgment. Without reweighing the evidence, we are satisfied that the factors the trial court identified

---

[4] In our opinion, we concluded that due diligence was one consideration the trial court properly considered but was not necessarily the controlling factor.

5

in its decision to set aside the previous interlocutory order are more than sufficient to demonstrate that the court did not abuse its discretion. As such, we affirm our opinion.

Affirmed.

RILEY, J., and BARNES, J., concur.