

**FILED**

Oct 10 2013, 5:34 am

**CLERK**
of the supreme court,
court of appeals and
tax court

# FOR PUBLICATION

ATTORNEY FOR APPELLANT:

**LEANNA WEISSMANN**
Lawrenceburg, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JUSTIN F. ROEBEL**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

DUSTIN JACK GIFFORD,                )
                                    )
    Appellant-Defendant,             )
                                    )
        vs.                      )    No. 40A05-1304-CR-197
                                    )
STATE OF INDIANA,                   )
                                    )
    Appellee-Plaintiff.              )

APPEAL FROM THE JENNINGS CIRCUIT COURT
The Honorable Jon W. Webster, Judge
Cause No. 40C01-1207-FD-154

**October 10, 2013**

**OPINION - FOR PUBLICATION**

**CRONE, Judge**

## Case Summary

Dustin Jack Gifford appeals his conviction for class D felony possession of chemical reagents or precursors with the intent to manufacture a controlled substance. The sole issue presented for our review is whether the State presented sufficient evidence to sustain the conviction. Finding the evidence insufficient, we reverse.

## Facts and Procedural History

The facts most favorable to the conviction indicate that, on June 2, 2012, Katrina Roush and her boyfriend, Jared Bonds, were hanging out with Gifford and Gifford's father, Denver, at Gifford's house in Jennings County. Gifford suggested that the group travel to Jefferson County to "get boxes" of pseudoephedrine. Tr. at 119. The plan was to eventually sell the boxes to someone who manufactured methamphetamine, but they didn't yet "have a purchaser or nothing." *Id*. at 121.

Denver drove the group to Madison in his van. Gifford gave Roush and Bonds money to buy pseudoephedrine. Denver and Gifford waited in the van while Roush and Bonds went into a CVS pharmacy and each bought a ninety-six-count package of nasal decongestant which contained pseudoephedrine. A CVS employee was suspicious regarding the purchases because Roush and Bonds had driven from a different county just to buy nasal decongestant. The employee contacted Madison City Police Officer Jonathan Simpson.

Officer Simpson, who was in plain clothes and in an unmarked vehicle, followed the van from the CVS to the Madison Walmart. He watched as Gifford and another man went into the store and saw them purchase lithium batteries. The group left Walmart and drove

2

into Jennings County, where the van was stopped by uniformed officers for a traffic infraction. Denver, who was driving, consented to a search of the vehicle. Officers found one box of pseudoephedrine in Roush's purse and one box of pseudoephedrine in the driver's side rear door. Gifford, who had been sitting in the front passenger seat, told officers that the batteries he had purchased were "hidden in the dash" on the passenger side of the vehicle. *Id*. at 145. Officers discovered lithium batteries "shoved up" behind the door of a fuse box. *Id*. Gifford claimed that the batteries were for his camera and that he hid them because "he knew that it did not look good to have [pseudoephedrine] and lithium batteries in the same vehicle." *Id*. at 146. Bonds revealed to officers that the plan was to "make some calls and line up a buyer or trade" the pseudoephedrine for "a half a gram of meth." *Id*. at 151.

On July 31, 2012, the State charged Gifford with class D felony possession of chemical reagents or precursors with the intent to manufacture a controlled substance. Following a trial, the jury found Gifford guilty as charged. This appeal ensued.

**Discussion and Decision**

Gifford challenges the sufficiency of the evidence to support his conviction. When reviewing insufficiency of the evidence claims, we neither reweigh evidence nor judge witness credibility. *Mathews v. State*, 978 N.E.2d 438, 443 (Ind. Ct. App. 2012), *trans. denied* (2013). Instead, we examine the evidence and reasonable inferences most favorable to the verdict. *Id*. If there is evidence of probative value from which a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt, we will affirm. *Id*. Reversal is appropriate only when reasonable persons would not be able to form inferences as to each

3

material element of the offense.  *Perez v. State*, 872 N.E.2d 208, 213 (Ind. Ct. App. 2007), *trans. denied*.

To prove that Gifford committed class D felony possession of chemical reagents or precursors with the intent to manufacture a controlled substance, the State was required to prove beyond a reasonable doubt that Gifford possessed two or more chemical reagents or precursors, specifically pseudoephedrine and lithium metal,[1] "with the intent to manufacture" methamphetamine.  *See* Ind. Code § 35-48-4-14.5(e).  On appeal, Gifford claims that the State presented insufficient evidence regarding both his possession and his intent.  Because we find the lack of evidence regarding intent to be dispositive, we need not address the sufficiency of the evidence regarding possession.

The State concedes that the evidence establishes that Gifford's undisputed intent was to eventually sell the pseudoephedrine to someone else who would use it to manufacture methamphetamine.[2]  There was no evidence presented that Gifford personally intended to manufacture methamphetamine.  The State recognizes that another panel of this Court has interpreted the identical language "with the intent to manufacture" methamphetamine in an analogous provision of Indiana Code Section 35-48-4-14.5 to require proof that the person charged with possession must personally have the intent to manufacture methamphetamine.  Specifically, in *Prater v. State*, 922 N.E.2d 746, 749 (Ind. Ct. App. 2010), *trans. denied*, we

---

[1] Pseudoephedrine and lithium metal are both listed as chemical reagents or precursors. *See* Ind. Code § 35-48-4-14.5(a)(2) and -(a)(8).

[2] The State acknowledges that this was the only theory of intent argued by the deputy prosecutor at trial.

4

analyzed that portion of the statute providing that "[a] person who possesses anhydrous ammonia … with the intent to manufacture methamphetamine" commits a class D felony. Ind. Code § 35-48-4-14.5(c). We concluded that the plain language used by the legislature, namely "with the intent to manufacture," requires that the person who possesses anhydrous ammonia must also have the personal intent to manufacture methamphetamine. *Prater*, 922 N.E.2d at 750.

Acknowledging the clear applicability of our decision in *Prater*, the State urges that *Prater* was decided erroneously and that we should reexamine the language "with the intent to manufacture" and determine that our legislature intended to criminalize mere possession of chemical reagents or precursors even absent personal intent to manufacture a controlled substance. We believe that the plain language of the statute is clear, and we decline the State's invitation to revisit the issue. As the State presented no evidence to the jury that Gifford personally intended to manufacture a controlled substance as required by Indiana Code Section 35-48-4-14.5(e), we reverse his conviction.[3]

Reversed.

BARNES, J., and PYLE, J., concur.

---

[3] The State maintains that the jury was free to disregard the deputy prosecutor's argument that Gifford's undisputed intent was to eventually sell the precursors and that the jury could have instead reasonably inferred that Gifford intended to personally manufacture methamphetamine. However, as stated above, there was no evidence presented that Gifford intended to personally manufacture methamphetamine.