MATHIAS, Judge
concurs in result.
Because I would conclude that Stepfather was required to obtain Grandparents’ consent to his adoption of B.C.H. pursuant to Indiana Code section 31-19-9-1(a)(3), but that Grandparents had actual notice of the adoption proceedings and did not attempt to contest the adoption, I concur in result.
The majority observes that the phrase ‘“lawful custody’ has a potentially more expansive impact than ‘legal custody’ ”, but also concludes that “the adoption statute’s use of the phrase ‘lawful custody1 under Indiana Code section 31-19-9-1 (a)(3) is equivalent to ‘legal custody,’ that is, court-ordered custody.” Op. at 1005. I disagree.
Our rules of statutory construction are well-settled, and “the first rule of statutory construction is that ‘[wjords and phrases shall be taken in their plain, or ordinary and usual, sense.’ ” State v. Prater, 922 N.E.2d 746, 749 (Ind.Ct.App.2010), trans. denied. Merriam-Webster defines lawful as “being in harmony with the law” and “constituted, authorized, or established by law.” See www.merriam-webster.com/dictionary/lawful last visited on March 27, 2014. Similarly, the Oxford English Dictionary provides the following definition: “[ajccording or not contrary to law, permitted by law” and “[ajppointed, sanctioned, or recognized by law[.]” See www. oed.com last visited on March 27, 2014.
Mother voluntarily relinquished custody of B.C.H. to Grandparents shortly after the child was born. Because Grandparents were B.C.H.’s primary caregivers, lived with and financially supported her, the Johnson Juvenile Court determined that Grandparents qualified as B.C.H.’s de facto custodians.[5] Under these circum *1009 stances, and under the plain meaning of the term “lawful,” I would conclude that Grandparents had “lawful” custody of B.C.H., and therefore, notice of Stepfather’s adoption petition and Grandparent’s consent to B.C.H.’s adoption was required under Indiana Code sections 31-19-2.5-3 and 31-19-9-1.
Although Grandparents’ consent to the adoption was not sought, Grandparents had actual notice that Stepfather had initiated adoption proceedings. But Grandparents failed to intervene in or to contest the adoption proceedings; therefore, I would hold that Grandparents cannot challenge the decree of adoption at this late date. For this reason, I concur in the result reached by the majority.

. "The apparent intent of the de facto custodian statute is to clarify that a third party may have standing in certain custody proceedings[.]” See K.I. ex rel. J.I. v. J.H., 903 N.E.2d *1009 453, 462 (Ind.2009); see also Nunn v. Nunn, 791 N.E.2d 779, 783 (Ind.Ct.App.2003) (stating that "[i]n 1999, ... the legislature amended the statutes governing certain custody proceedings to allow "de facto” custodians to be parties in [custody] proceedings”).