OPINION ON REHEARING



FILED
Apr 08 2020, 11:43 am
CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Mary Jane Lapointe
Daniel Lapointe Kent
Lapointe Law Firm, P.C.
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE –
INDIANA DEPARTMENT OF
CORRECTION

Curtis T. Hill, Jr.
Attorney General of Indiana

Frances Barrow
Deputy Attorney General
Indianapolis, Indiana

ATTORNEYS FOR APPELLEES –
CORIZON, INC. AND THE
CORIZON MEDICAL
EMPLOYEES

Carol A. Dillon
Christopher Andrew Farrington
Bleeke Dillon Crandall, P.C.
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Sue Williams, Linda Wood, and Claude Wood, as the Co-Personal Representatives of the Estate of Rachel A. Wood, Deceased, | April 8, 2020 |
| | Court of Appeals Case No. 19A-CT-1832 |
| *Appellants-Plaintiffs,* | Appeal from the Marion Superior Court |
| v. | The Honorable John M.T. Chavis, II, Judge |
| | Trial Court Cause No. 49D05-1401-CT-1478 |

Indiana Department of
Correction, Corizon, Inc.,
Georgeanne R. Pinkston, Dawn
Renee Antle, Mary D. Grimes,
Tina Icenogle, Daniel P. Rains,
M.D., Richard M. Hinchman,
M.D., and Vance Raham, M.D.,

*Appellees-Defendants.*

**Najam, Judge.**

[1] Corizon petitions for rehearing following our opinion reversing the trial court's entry of summary judgment for Corizon, certain Corizon medical employees, and the DOC. *See Williams v. Ind. Dep't of Corr.*, ___ N.E.3d ___, No. 19A-CT-1832, 2020 WL 878959 (Ind. Ct. App. Feb. 24, 2020). The Corizon medical employees and the DOC do not seek rehearing.[1]

[2] We grant the petition for rehearing to clarify two points in our opinion. First, in a footnote this Court stated that the Estate did not appeal the trial court's entry of summary judgment for Corizon medical employee Dr. Michael Mitcheff. *Id.* at *1 n.1. In its response to Corizon's petition for rehearing, the Estate asserts that this was an inadvertent omission on its part in the briefs on

---

[1] In its petition for rehearing, Corizon asks that we consider an additional claim raised by the Estate against the DOC in the trial court but not raised by the Estate or the DOC on appeal. Corizon has no standing to raise issues on behalf of the Estate or the DOC, and we have no opinion on the entry of summary judgment on those issues.

appeal and, as such, we should clarify that Dr. Mitcheff continues to be a part of the proceedings in light of our opinion.

[3]     This we cannot do.  The Estate's brief on appeal contained no argument that the designated evidence warranted reversal of the court's entry of summary judgment for Dr. Mitcheff.  Rather, regarding the events at Rockville, the Estate's brief expressly stated that "[t]his appeal is brought only against Dr. Raham and Nurse Practitioner Pinkston."  Appellant's Br. at 16.  Regarding the events at Madison, the Estate's brief says:  "This appeal is brought only against Dr. Hinchman and Nurse Practitioner Antle."  *Id.* at 20.  Regarding the events at the Indiana Women's Prison and thereafter, the brief states:  "This appeal is brought only against Dr. Rains, Nurse Grimes, and Nurse Icenogle."  *Id.* at 29.  And the Estate's description of the systemic and gross deficiencies that were the basis of its remaining claim against Corizon makes no mention of Dr. Mitcheff.  *See id.* at 35-41.  In other words, we addressed the appeal as presented, and the Estate's omission from its original briefing is not grounds for relief after the fact.  It is well established that a party may not raise an argument for the first time on rehearing.  *Clark Cty. Drainage Bd. v. Isgrigg*, 966 N.E.2d 678, 679 (Ind. Ct. App. 2012) (citing *Carey v. Haddock*, 881 N.E.2d 1050, 1051 (Ind. Ct. App. 2008), *trans. denied*).

[4]     Second, it is not disputed by the parties on rehearing that, during the course of the trial court proceedings, the Estate's theory of liability against Corizon under 42 U.S.C. § 1983 was a theory of direct liability, not a theory of liability under the doctrine of *respondeat superior*.  Direct liability against an employer under §

1983 for deliberate indifference may exist if the facts show systemic and gross deficiencies such that the inmate population is effectively denied access to adequate medical care. *Id.* at *17. Our holding against Corizon was that the designated evidence, which was and is available against Corizon, met that standard. *Id.* Accordingly, we clarify our holding to be that the Estate's theory against Corizon is for direct liability under § 1983, not liability under the doctrine of *respondeat superior*.

In all other respects, we affirm our opinion.

Vaidik, J., and Tavitas, J., concur.