Michael Paul VAN METER, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 79S02–9506–CR–620.

Supreme Court of Indiana.

June 1, 1995.

Rehearing Denied Oct. 17, 1995.

Linda Nearing, Truitt & Herr, Lafayette, for appellant.

Pamela Carter, Atty. Gen., Arthur Thaddeus Perry, Deputy Atty. Gen., Indianapolis, for appellee.

SHEPARD, Chief Justice.

This case presents the question whether a criminal defendant may collaterally attack his convictions through a Trial Rule 60(B) motion, rather than employing the established procedures for post-conviction relief. We hold that he may not.

Appellant Michael Paul Van Meter was convicted of burglary and attempted theft and was found to be a habitual offender. The trial court sentenced him to thirty-six years in prison, and the Court of Appeals affirmed. *VanMeter v. State* (1993), Ind. App., 625 N.E.2d 509. Van Meter then filed a *pro se* motion for relief from judgment pursuant to Trial Rule 60(B)(3), alleging that the State had fabricated evidence against him. He later filed an addendum to this motion claiming that the evidence supporting his contention was newly discovered. The trial court dismissed the motion, holding that T.R. 60(B) was inappropriate in a criminal proceeding where a petition for post-conviction relief was available. The Court of Appeals affirmed. *Van Meter v. State* (1994), Ind.App., 641 N.E.2d 1296 (mem.). We grant transfer to affirm.

Generally, our Trial Rules govern procedure and practice in civil cases only. Ind.Trial Rule 1. We established the special procedures set out in the Indiana Post-Conviction Rules to facilitate review of criminal convictions and sentences. Criminal defendants may not circumvent these procedures by seeking remedies under the civil law. *See Radford v. State* (1992), Ind.App., 587 N.E.2d 1370; *Cornelius v. State* (1991), Ind.App., 575 N.E.2d 20. As our Post-Conviction Rule 1 says: "Except as otherwise provided by this rule, it comprehends and takes the place of all other common law, statutory, or other remedies heretofore available for challenging the validity of the conviction or sentence and it shall be used exclusively in place of them."

In this case, appellant claimed that he had newly discovered evidence that the State fabricated evidence. A defendant may raise a challenge under the post-conviction rules where he can produce "evidence of material facts, not previously presented or heard, that requires vacation of the conviction or sentence in the interests of justice." P–C.R. 1(1)(a)(4). Van Meter clearly could have sought relief from such fraud on the part of the State under the post-conviction rules. *Cf. Lowery v. State* (1994), Ind., 640 N.E.2d 1031 (post-conviction review where prosecu-

tor allegedly misstated evidence in order to inflame passions of jury); *Averhart v. State* (1993), Ind., 614 N.E.2d 924 (post-conviction challenge where prosecutor allegedly suppressed exculpatory evidence).

Appellant could have raised his challenge through the post-conviction procedures; he was required to do so. We grant transfer and affirm the denial of the appellant's motion for relief.

DeBRULER, DICKSON, SULLIVAN and SELBY, JJ., concur.