STATE of Indiana, Appellant–Plaintiff,

v.

Jeffrey BRUNNER, Appellee–
Defendant.

No. 57A04–1003–CR–121.

Court of Appeals of Indiana.

Aug. 6, 2010.

Transfer Granted Oct. 21, 2010.

Gregory F. Zoeller, Attorney General of Indiana, Cynthia L. Ploughe, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellant.

Stacy R. Uliana, Indianapolis, IN, Attorney for Appellee.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

The State appeals the trial court's October 2009 order modifying Jeffrey D. Brunner's August 2000 conviction from a Class D felony to a Class A misdemeanor. The parties raise two issues for our review:

1. Whether the State's appeal is authorized by law.

2. Whether the trial court erred in granting Brunner's petition for relief.

We hold that Brunner's request, nine years after the trial court's entry of judgment, to reduce the Class D felony to a Class A misdemeanor was a petition for post-conviction relief, from which the State may appeal. We also hold that Indiana Code Section 35-50-2-7(b) does not authorize the relief granted. As such, we reverse and remand with instructions.

### FACTS AND PROCEDURAL HISTORY

In November of 1999, the State charged Brunner with operating a vehicle while intoxicated, as a Class D felony. On August 10, 2000, Brunner pleaded guilty to the Class D felony charge. Brunner agreed to leave his sentence open to the trial court's discretion so long as the executed portion of his sentence did not exceed nine months and eight days. That same day, the trial court accepted Brunner's guilty plea and sentenced him to one and one-half years, with nine months executed. The August 2000 conviction was Brunner's third conviction for operating a vehicle while intoxicated ("OWI").

On December 26, 2007, Brunner sent a letter to the trial court under the cause number for his August 2000 conviction. In that letter, Brunner asked the court to "change ... the above felony conviction to a misdemeanor." Appellant's App. at 32. In support of his petition, Brunner asserted that he had had "no other problems with law enforcement: not a conviction, arrest, or even a traffic ticket" in the ensuing seven years. *Id.* Brunner then stated that his felony conviction has "played some part in my inability to secure a new job," which, in turn, prevented him from fully supporting his wife and two children. *Id.*

On April 14, 2008, the State filed its objection to Brunner's "motion to modify." *Id.* at 35. The State noted that the August 2000 conviction was Brunner's "third OWI." *Id.* The State also noted that "the modification down to a misdemeanor was not contemplated in the Plea, and the time has run during which the Court can do it without the State's permission." *Id.* On June 3, the trial court held a hearing on Brunner's request, after which it denied the request.

On January 15, 2009, Brunner refiled his letter. The State refiled its response, and the court held a hearing. After the hearing, the court "continue[d] the hearing without date to be reset at the request of either party." *Id.* at 4–5. The court did not enter an order either granting or denying Brunner's second request.

On September 16, 2009, Brunner filed a third, and substantially similar, letter. The State filed its response on September 28. The court held another hearing on October 16, after which it granted Brunner's request to change his conviction from a Class D felony to a Class A misdemeanor "pursuant to Indiana Code [§ ] 35–50–2–7(b)." *Id.* at 45. This appeal ensued.

## DISCUSSION AND DECISION

### Issue One: State's Authority to Appeal

■ Before considering the merits of the State's appeal, we address Brunner's contention that the State's appeal is not authorized by law. It has long been the law in Indiana that the State's right to appeal in a criminal action is statutory and, unless there is a specific grant of such authority by the legislature, the State cannot appeal. *State v. Huebner*, 233 Ind. 566, 567, 122 N.E.2d 88, 89 (1954). It is also true that "[t]he legislature has enumerated several situations in which criminal appeals by the State 'may be taken.'" *Hardley v. State*, 905 N.E.2d 399, 401 (Ind. 2009) (quoting Ind.Code § 35–38–4–2). For example, Indiana Code Section 35–38–4–2 authorizes the State to file an appeal in the following situations:

(1) From an order granting a motion to dismiss an indictment or information.

(2) From an order or judgment for the defendant, upon his motion for discharge because of delay of his trial not caused by his act, or upon his plea of former jeopardy, presented and ruled upon prior to trial.

(3) From an order granting a motion to correct errors.

(4) Upon a question reserved by the state, if the defendant is acquitted.

(5) From an order granting a motion to suppress evidence, if the ultimate effect of the order is to preclude further prosecution.

(6) From any interlocutory order if the trial court certifies and the court on appeal or a judge thereof finds on petition that:

> (A) the appellant will suffer substantial expense, damage, or injury if the order is erroneous and the determination thereof is withheld until after judgment;

> (B) the order involves a substantial question of law, the early determination of which will promote a more orderly disposition of the case; or

> (C) the remedy by appeal after judgment is otherwise inadequate.

*See also Hardley*, 905 N.E.2d at 402–03 (holding that Indiana Code Section 35–38–1–15 authorizes the State to appeal illegal sentences); *State v. Fulkrod*, 753 N.E.2d 630, 632–33 (Ind.2001) (reviewing the State's appeal, pursuant to Indiana Code Section 35–38–1–17, that the trial court erroneously modified the defendant's sentence).

Here, Brunner asserts that the State's appeal is not authorized by any section of the Indiana Code. The State does not directly refute that assertion, but, instead, contends that *Hardley* and *Fulkrod* authorize this appeal. We cannot agree with the State's rationale; *Hardley* and *Fulkrod* involved challenges to either an illegal sentencing order or the modification of a defendant's sentence after the trial court had already sentenced him. *See Hardley*,

905 N.E.2d at 402–03; *Fulkrod*, 753 N.E.2d at 632–33. Brunner, on the other hand, did not receive an illegal sentence or a modification of his sentence. Rather, he sought, and the trial court granted, a modification of his underlying judgment of conviction.

▮ To determine whether the State has the right to appeal the trial court's action in this case requires that we first determine the nature of Brunner's request for relief. Brunner's request sought to vacate the Class D felony judgment and, in its place, entry of a judgment of conviction for a Class A misdemeanor. Brunner based his petition on facts not originally before the trial court, namely, his allegedly clean record since his 2000 conviction, his difficulty in finding a job since then due to his status as a felon, and his related inability to support his family. The trial court held a hearing on Brunner's request and, subsequently, the court issued its judgment granting the relief sought.

If this were a civil action, Brunner's request would be considered a petition to modify judgment under Indiana Trial Rule 60(B). *See Gertz v. Estes,* 922 N.E.2d 135, 138 (Ind.Ct.App.2010) (stating that a "petition for modification of the judgment is, in effect, a motion for relief from judgment under Indiana Trial Rule 60(B)"). But this is a criminal matter, not a civil one. *See Van Meter v. State,* 650 N.E.2d 1138, 1138 (Ind.1995) ("Generally, our Trial Rules govern procedure and practice in civil cases only.") As such, Brunner's motion was, quite literally, a request for post-conviction relief. Thus, we turn to our rules governing such claims. *See id.*

Post–Conviction Rule 1 defines the conditions for post-conviction relief. In relevant part, it states as follows:

(a) Any person who has been convicted of, or sentenced for, a crime by a court of this state, and who claims:

(1) that the conviction or the sentence was in violation of the Constitution of the United States or the constitution or laws of this state;

(2) that the court was without jurisdiction to impose sentence;

(3) that the sentence exceeds the maximum authorized by law, or is otherwise erroneous;

(4) *that there exists evidence of material facts, not previously presented and heard, that requires vacation of the conviction or sentence in the interest of justice;*

(5) that his sentence has expired, his probation, parole or conditional release unlawfully revoked, or he is otherwise unlawfully held in custody or other restraint;

(6) that the conviction or sentence is otherwise subject to collateral attack upon any ground of alleged error heretofore available under any common law, statutory or other writ, motion, petition, proceeding, or remedy;

may institute at any time a proceeding under this Rule to secure relief.

(b) This remedy is not a substitute for a direct appeal from the conviction and/or the sentence and all available steps including those under Rule PC 2 should be taken to perfect such an appeal. Except as otherwise provided in *this Rule,* it *comprehends and takes the place of all other common law, statutory, or other remedies heretofore available for challenging the validity of the conviction or sentence and it shall be used exclusively in place of them. . . .*

Ind. Post–Conviction Rule 1(1) (emphases added).

▮ That language is clear and applies here to Brunner's request to the trial court. Again, Brunner claimed that new

facts justified the vacation of his Class D felony conviction and entry of a judgment of conviction as a Class A misdemeanor in the interests of justice, which is grounds for a petition for post-conviction relief under Post–Conviction Rule 1(1)(a)(4). Further, Brunner's petition is not a motion for relief from judgment under Trial Rule 60(B) because Post–Conviction Rule 1(1)(b) expressly "comprehends and takes the place of all other common law, statutory, or other remedies heretofore available for challenging the validity of the conviction or sentence and it shall be used exclusively in place of them." *Id.* As our Supreme Court has held, "We established the special procedures set out in the Indiana Post–Conviction Rules to facilitate review of criminal convictions and sentences. Criminal defendants may not circumvent these procedures by seeking remedies under the civil law." *Van Meter*, 650 N.E.2d at 1138.

Thus, we hold that Brunner's request was a petition for post-conviction relief under Post–Conviction Rule 1(1)(a)(4). Under our post-conviction rules, the State may appeal the post-conviction court's final judgment to this court. P–C.R. 1(7). As such, we likewise hold that the State's appeal in the instant case is authorized by law.

### Issue Two: Merits of the Appeal

■ Having concluded that the State's appeal is authorized by law, we turn to the merits of the State's appeal. We initially note, however, that the court did not recognize Brunner's request as a petition for post-conviction relief and, therefore, failed to enter findings of fact and conclusions of law as required by our post-conviction rules. *See* P–C.R. 1(6). But "the failure to enter specific findings of fact and conclusions of law is not reversible error." *Allen v. State*, 749 N.E.2d 1158, 1170 (Ind. 2001) (quotation omitted). Instead, we review the petitioner's claim de novo. *Id.*

The State first contends that the trial court's judgment for Brunner is erroneous because "the trial court has no authority over a defendant after it has pronounced sentence." *Dier v. State*, 524 N.E.2d 789, 790 (Ind.1988). The State further notes that "[a]ny continuing jurisdiction after final judgment has been pronounced must either derive from the judgment itself or be granted to the court by statute or rule." *State v. Fulkrod*, 735 N.E.2d 851, 852 (Ind. Ct.App.2000) (citing *Schweitzer v. State*, 700 N.E.2d 488, 492 (Ind.Ct.App.1998), *trans. denied*), *aff'd*, 753 N.E.2d 630, 633 (Ind.2001) ("trial court lacked authority to modify Fulkrod's sentence").

Again, the State's use of case law confuses Brunner's petition to vacate his conviction and replace it with a lesser conviction with a motion to modify his sentence. The case law relied on by the State for the proposition that the trial court lacked jurisdiction to review Brunner's request discusses post-sentencing modifications to the defendant's sentence. *See, e.g., Fulkrod*, 753 N.E.2d at 633. The case law does not suggest that a trial court lacks the authority or jurisdiction to review, modify, or enforce a prior judgment. And given our discussion above that Brunner's petition was actually a request for post-conviction relief, it is clear that the court here had authority to consider the petition under our post-conviction rules.

■ Nonetheless, we agree with the State that the court improperly granted Brunner's petition for relief. Indiana Code Section 35–50–2–7(b), on which the trial court relied in granting Brunner's request, states: "if a person has committed a Class D felony, the court may enter judgment of conviction of a Class A misdemeanor and sentence accordingly." Applying that statute to these facts is a question of first impression and requires us to divine the intent of the legislature. *See*

*State v. Prater*, 922 N.E.2d 746, 748 (Ind. Ct.App.2010), *trans. denied.* "When a statute has not previously been construed, our interpretation is controlled by the express language of the statute and the rules of statutory construction." *Id.* "We review the statute as a whole and presume the legislature intended logical application of the language used in the statute, so as to avoid unjust or absurd results." *Id.* In other words, "we are obliged to suppose that the General Assembly chose the language it did for a reason." *Id.* at 750.

■ We hold that, in granting authority to our trial courts to reduce Class D felony convictions to Class A misdemeanors, the General Assembly intended to limit the application of that authority to the moment the court first enters its judgment of conviction and before the court announces the defendant's sentence. That intent is made clear in the language of the statute itself, which describes a timeframe after the finding of a Class D felony but before the entry of sentence. *See* I.C. § 35–50–2–7(b). That intent is also supported by the differences in sentences available to persons convicted of Class D felonies and those convicted of Class A misdemeanors. *Compare* I.C. § 35–50–2–7(a) (stating that a person convicted of a Class D felony "shall be imprisoned for a fixed term of between six (6) months and three (3) years, with the advisory sentence being one and one-half (1½) years") *with* I.C. § 35–50–3–2 (stating that a person convicted of a Class A misdemeanor "shall be imprisoned for a fixed term of not more than one (1) year"). Of course, the sentence a defendant receives is dependent on the class of his criminal conviction. And the trial court must designate the crime before it can enter an appropriate sentence.

■ Our reading of Section 35–50–2–7(b) is further supported by Indiana Code Section 35–38–1–1.5. Section 35–38–1–1.5 became effective in 2003, several years after Brunner's third OWI, and therefore it does not apply to him. *See, e.g., Williams v. State*, 891 N.E.2d 621, 631 (Ind.Ct.App.2008) (noting that the law in effect at the time of the crime is the law that applies to the defendant). But it is instructive in determining the legislative intent behind Section 35–50–2–7(b). In relevant part, Section 35–38–1–1.5 states:

> (a) A court may enter judgment of conviction as a Class D felony with the express provision that the conviction will be converted to a conviction as a Class A misdemeanor within three (3) years if the person fulfills certain conditions. A court may enter a judgment of conviction as a Class D felony with the express provision that the conviction will be converted to a conviction as a Class A misdemeanor only if the person pleads guilty to a Class D felony that qualifies for consideration as a Class A misdemeanor under IC 35–50–2–7, and the following conditions are met:
>
> > (1) The prosecuting attorney consents.
> >
> > (2) The person agrees to the conditions set by the court.
>
> (b) For a judgment of conviction to be entered under subsection (a), the court, the prosecuting attorney, and the person must all agree to the conditions set by the court under subsection (a).

That is, a trial court may conditionally enter judgment as a Class D felony with the understanding that that felony will be converted to a Class A misdemeanor within three years of the entry of judgment upon the defendant's satisfaction of certain conditions. But the decision to invoke that procedure must be made at the time of the original entry of judgment.

Section 35–38–1–1.5 confirms our reading of Section 35–50–2–7(b). Again, the trial court's decision on whether to enter judgment on a Class D felony or a Class A misdemeanor—or, since 2003, a conditional Class D felony—may be made only at the moment of the original entry of the judgment of conviction. That did not happen here. Instead, more than nine years after the trial court entered its judgment of conviction against Brunner as a Class D felony, the trial court revisited that issue, vacated the Class D felony conviction, and imposed a Class A misdemeanor conviction. The trial court's reliance on Section 35–50–2–7(b) to grant the requested relief was contrary to the plain meaning of the statute and an abuse of discretion.

Thus, we hold that the trial court erred in granting Brunner's petition for postconviction relief. We reverse and remand with instructions for the trial court to reinstate the original judgment of conviction.

Reversed and remanded with instructions.

BAKER, C.J., and MATHIAS, J., concur.