**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



APPELLANT, PRO SE:

**VANCE GENE BRIDGEMON**
Westville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**J.T. WHITEHEAD**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| VANCE GENE BRIDGEMON, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 46A04-1310-CR-552 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE LAPORTE SUPERIOR COURT
The Honorable Richard R. Stalbrink, Jr., Judge
Cause No. 46D02-1004-FB-19

**June 12, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**PYLE, Judge**

Vance Bridgemon ("Bridgemon"), *pro se*, appeals the trial court's denial of his Indiana Trial Rule 60(B) motion for relief from his robbery convictions.

We affirm.

ISSUE

Whether the trial court erred in denying Bridgemon's motion seeking relief under Trial Rule 60(B).

FACTS

The facts of Bridgemon's crimes and some of the procedural history were set forth in the opinion from his appeal denying post-conviction relief:

> The facts that follow are gleaned from the scant and incomplete record with which Bridgemon has provided us. The instant case arises from two separate robberies. On January 14, 2006, Bridgemon and Ronald Felder robbed a business located on North State Road 39 in LaPorte County, Indiana. Bridgemon entered the business with a BB gun and robbed the store of cash and cigarettes. Ten days later, after the two talked about "making money or getting money", Bridgemon dropped Felder off at a similar business across the highway from the previous robbery. Felder promptly went inside and robbed the business while armed with a BB gun. When Felder ran out of the store with the BB gun and entered the car, he advised Bridgemon that "he had the money." Bridgemon drove them away in an effort to avoid their apprehension by the police. Bridgemon was subsequently charged under two separate cause numbers, 46D01–0601–FB–014 (Cause 014) for the latter incident and 46D01–0605–FB–088 (Cause 088) for the former.[1]
>
> On July 20, 2006, Bridgemon pleaded guilty, pursuant to a plea agreement, to two counts of class B felony robbery while armed with a deadly weapon. Bridgemon, a seasoned criminal defendant, represented himself at the guilty plea hearing, as well as in all proceedings since. At the beginning of the hearing, Bridgemon stated that he accepted the plea agreement with "some objections" that he wished to argue at the sentencing hearing. The

---

[1] The State also alleged that Bridgemon was an habitual offender.

trial court went to great lengths to inquire into Bridgemon's objections and to make sure Bridgemon was not attempting to maintain his innocence while at the same time pleading guilty. In response to the court's inquiries, Bridgemon indicated that he wanted to raise his alleged lack of discovery with respect to Cause 088 at sentencing "in a mitigating fashion." When questioned further by the court, Bridgemon emphasized, "[that he] didn't say [he] didn't do it." Bridgemon unambiguously indicated on multiple occasions during the hearing that he understood that by pleading guilty he was admitting that he committed both offenses.

Later during the hearing Bridgemon attempted to quibble with the allegation that a deadly weapon was used, noting that it was only a BB gun. Bridgemon, however, abandoned his protest when the court informed him of well-established law to the contrary. *See, e.g.*, *Davis v. State*, 835 N.E.2d 1102, 1112 (Ind. Ct. App. 2005) ("[a]lthough not firearms, pellet or BB guns can be considered deadly weapons"), *trans. denied*. Bridgemon then reaffirmed that he was admitting the material facts in the charging informations.

\* \* \* \* \*

On August 22, 2006, Bridgemon filed a motion to withdraw his guilty plea. Bridgemon, however, withdrew that motion at his sentencing hearing on August 24 and reasserted his desire to plead guilty. The trial court accepted the guilty plea at the sentencing hearing and subsequently sentenced Bridgemon to consecutive terms of twelve years in prison on each conviction.

Sometime thereafter, Bridgemon filed the instant petition for post-conviction relief (the PCR petition), which apparently alleged multiple grounds for relief. An evidentiary hearing on the PCR petition was held on September 10, 2008, at which he abandoned all issues other than those related to his guilty plea. The post-conviction court denied Bridgemon's request for relief on October 8, 2008.

*Bridgemon v. State*, 46A03-0811-PC-533, slip op. at 1 (Ind. Ct. App. Sept. 2, 2009) (internal footnote and citations to the record omitted). In that opinion, we affirmed the post-conviction court's denial of Bridgemon's petition for relief. *Id.*

3

Three years later, on September 20, 2013, Bridgemon filed a "Verified Motion to Correct Error" pursuant to Trial Rule 60(B)(2), (3), and (6). (App. 66-69).[2] Bridgemon essentially claimed that the State induced him into pleading guilty with an illusory threat, the habitual offender enhancement. The trial court denied Bridgemon's motion on October 7, 2013. Bridgemon now appeals.

<u>DECISION</u>

Bridgemon contends that the trial court abused its discretion in denying his Trial Rule 60(B) motion. The burden is on the movant to establish grounds for T.R. 60(B) relief. *In re Paternity of P.S.S.*, 934 N.E.2d 737, 740 (Ind. 2010). A T.R. 60(B) motion "addresses only the procedural, equitable grounds justifying relief from the legal finality of a final judgment, not the legal merits of a judgment." *Mid-West Fed. Sav. Bank v. Epperson*, 579 N.E.2d 124, 129 (Ind. Ct. App. 1991). We review a trial court's decision on a T.R. 60(B) motion for an abuse of discretion. *P.S.S.*, 934 N.E.2d at 740-741.

Bridgemon argues that his plea was illusory because the State could not legally support the habitual offender allegation. However, we need not reach the merits of Bridgemon's motion because our Indiana Supreme Court has clearly stated that T.R. 60(B) is not the appropriate vehicle for Bridgemon's challenge.

In *Van Meter v. State*, 650 N.E.2d 1138 (Ind. 1995), our Supreme Court stated the following:

> Generally, our Trial Rules govern procedure and practice in civil cases only. We established the special procedures set out in the Indiana Post-Conviction Rules to facilitate review of criminal convictions and sentences.

---

[2] Bridgemon mistakenly entitled his motion "Verified Motion to Correct Error."

4

Criminal defendants may not circumvent these procedures by seeking remedies under the civil law. As our Post-Conviction Rule 1 says: "Except as otherwise provided by this rule, it comprehends and takes the place of all other common law, statutory, or other remedies heretofore available for challenging the validity of the conviction or sentence and it shall be used exclusively in place of them."

*Id.* (internal citation omitted). This principle remains valid even in light of Indiana Criminal Rule 21's amendment in 1997. *See In re WTHR-TV*, 693 N.E.2d 1, 5 n. 3 (Ind. 1998). Indeed, the Trial Rules now apply "to all criminal proceedings *so far as they are not in conflict with any specific rule adopted by this court for the conduct of criminal proceedings*." Crim. R. 21. (emphasis added).

Here, we view Bridgemon's motion as an attempt to circumvent the fact that he did not raise his current issue in his previously denied petition for post-conviction relief. He cannot avoid possible waiver of his claim under Ind. Post-Conviction Rule 1(8) by seeking relief under T.R. 60(B).[3] Accordingly, we affirm the trial court's denial of Bridgemon's motion.

Affirmed.

FRIEDLANDER, J., and MATHIAS, J., concur.

---

[3] Indiana Post-Conviction Rule 1(8) provides as follows:

> All grounds for relief available to a petitioner under this rule must be raised in his original petition. Any ground finally adjudicated on the merits or not so raised and knowingly, voluntarily and intelligently waived in the proceeding that resulted in the conviction or sentence, or in any other proceeding the petitioner has taken to secure relief, may not be the basis for a subsequent petition, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original petition.