## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

May 28 2015, 9:56 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE

Michael Dominique
Westville, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Ellen H. Meilaender
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Michael Dominique,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

May 28, 2015

Court of Appeals Case No.
34A05-1403-CR-127

Appeal from the
Howard Superior Court

The Honorable Brant J. Parry, Judge

Cause No. 34D02-0810-FD-201

**Kirsch, Judge.**

[1] Following his guilty plea and sentencing for receiving stolen property[1] as a Class D felony, Michael Dominique filed a motion for relief from judgment, contending that his prior conviction for theft in another county barred his subsequent conviction for receiving stolen property. Dominique appeals the trial court's denial of his motion for relief from judgment.

[2] We affirm.

## Facts and Procedural History

[3] In 2008, the State charged Dominique with receiving stolen property as a Class D felony, alleging that Dominique had knowingly or intentionally received, retained, or disposed of property belonging to Cory Floor that had been the subject of theft. Dominique was incarcerated in the Hamilton County Jail at the time and filed several pro se motions, which the trial court refused to rule upon until Dominique was in the custody of Howard County. In June 2010, Dominique was arrested and was in the custody of Howard County. At that time, counsel was appointed to represent Dominique in this matter.

[4] Dominique entered into a plea agreement, in which he pleaded guilty to Class D felony receiving stolen property in exchange for a sentence of eighteen months with six months executed and the balance suspended to probation. In

---

[1] See Ind. Code § 35-43-4-2(b). We note that, effective July 1, 2014, a new version of this criminal statute was enacted. Because Dominique committed his crime prior to July 1, 2014, we will apply the statute in effect at the time he committed his crime.

March 2011, the trial court accepted the guilty plea, and Dominque was sentenced. In April 2011, an amended sentencing order was entered, wherein Dominique was sentenced to thirty-two months, all suspended except for time served.

[5] On February 6, 2014, Dominique, pro se, filed a "Motion to Vacate Unlawful Judgment," alleging that his conviction was unlawful due to several reasons: (1) the conviction violated double jeopardy because it was an illegal successive prosecution as Dominique had previously been convicted of theft of the same property in Hamilton County; (2) his Criminal Rule 4 rights had been violated; and (3) his trial counsel was ineffective for failing to contact Dominique and for entering a guilty plea without Dominique's knowledge or approval. *Appellant's App.* at 12-16. The trial court denied the motion. Dominque now appeals.

## Discussion and Decision

[6] Dominique argues that the trial court erred in denying his motion to vacate his conviction. He first contends that his conviction should have been vacated because the conviction violated double jeopardy due to the fact he had already been convicted of theft of the same property in Hamilton County before being convicted of receiving stolen property in Howard County. Dominique next asserts that his conviction should have been vacated because his speedy trial right was violated when the trial court ignored his repeated requests for a speedy trial. He also alleges that his trial counsel was ineffective for failing to keep him informed of the case, for not pursuing his previously-filed pro se

motion to dismiss, and for permitting him to plead guilty to a charge that violated double jeopardy.

[7] In its brief, the State contends that the trial court properly denied Dominique's motion to vacate his conviction as there is "no mechanism to challenge a criminal conviction through a 'motion to vacate judgment.'" *Appellee's Br*. at 5. The State argues that Dominique's motion appears to be the equivalent of a Trial Rule 60(B) motion seeking relief from judgment, which may not be used to challenge a criminal conviction. The State, therefore, asserts that the proper vehicle for Dominique to challenge the validity of his conviction was a petition for post-conviction relief. We agree.

[8] In *Van Meter v. State*, 650 N.E.2d 1138 (Ind. 1995), a case where a criminal defendant attempted to challenge his conviction through a Trial Rule 60(B) motion for relief from judgment, our Supreme Court, noting that the Indiana Trial Rules generally only apply to civil cases, stated that criminal defendants may not circumvent the rules governing post-conviction relief proceedings "by seeking remedies under the civil law." *Id.* at 1138. The Court went on to hold that the defendant was "required" to raise any collateral challenges to his convictions through post-conviction procedures. *Id.* at 1139; *see also* Ind. Post-Conviction Rule 1(1)(b) (this rule "comprehends and takes the place of all other common law, statutory, or other remedies heretofore available for challenging the validity of the conviction or sentence and it shall be used exclusively in place of them").

[9]     This same reasoning should apply to Dominique.  He was required to file a petition for post-conviction relief in order to challenge his conviction, rather than a motion for relief from judgment.  The trial court properly denied Dominque's motion because it was an improper attempt to challenge his criminal conviction.  Additionally, Dominque's motion does not meet the requirements to be deemed a petition for post-conviction relief.  It was not verified as required and did not substantially comply with the standard form contained in the post-conviction rules.  *See* P-C.R. 1(2); P-C.R. 1(3)(a), (b).  We, therefore, conclude that the trial court properly denied Dominque's motion and affirm the trial court's denial, without prejudice to Dominique's ability to file a petition for post-conviction relief if he wishes to do so.

[10]    Affirmed.

Vaidik, C.J., and Bradford, J., concur.