## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Oct 30 2017, 9:13 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

| APPELLANT PRO SE | ATTORNEYS FOR APPELLEE |
|---|---|
| Anthony Warren | Curtis T. Hill, Jr. |
| Carlisle, Indiana | Attorney General of Indiana |
| | |
| | James B. Martin |
| | Deputy Attorney General |
| | Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Anthony Warren, | October 30, 2017 |
| *Appellant-Defendant,* | Court of Appeals Case No. 49A02-1703-CR-598 |
| v. | Appeal from the Marion Superior Court |
| State of Indiana, | The Honorable Lisa Borges, Judge |
| *Appellee-Plaintiff.* | Trial Court Cause No. 49G04-9808-CF-128010 |

**Barnes, Judge.**

# Case Summary

[1] Anthony Warren appeals the trial court's denial of his motion for relief from judgment and motion to correct error. We affirm.

# Issue

[2] Warren raises three issues, which we consolidate and restate as whether the trial court properly denied Warren's motion for relief from judgment and motion to correct error.

# Facts

[3] In 1998, the State charged Warren with murder and alleged that he was an habitual offender. A jury found him guilty as charged. The trial court sentenced him to sixty-five years enhanced by an additional thirty years for his status as an habitual offender for an aggregate sentence of ninety-five years. On appeal, our supreme court affirmed the murder conviction but vacated the habitual offender adjudication. *Warren v. State*, 725 N.E.2d 828 (Ind. 2000). On remand, he was again found to be an habitual offender, and the trial court again sentenced him to ninety-five years. Warren appealed this judgment, and our supreme court affirmed. *Warren v. State*, 769 N.E.2d 170 (Ind. 2002).

[4] Warren filed a petition for post-conviction relief, which the post-conviction court denied. We affirmed on appeal. *Warren v. State*, 49A04-0405-PC-283 (Ind. Ct. App. Apr. 15, 2005). Warren later filed a petition for a state writ of habeas corpus, which the trial court dismissed. This court dismissed Warren's appeal. *See* Docket of Cause No. 49A02-1001-PC-53.

[5] In January 2017, Warren filed a pro se Motion for Relief from Void Judgment pursuant to Indiana Trial Rule 60(B). In the motion, Warren argued that he was being held on a "Void Judgment of Conviction, Sentence and Commitment Order . . . because the judgment entered by the Magistrate Mark F. Renner [] was never appointed as a Special Judge in the case and therefore he lacked the authority to render a judgment and sign it as Judge . . . ." Appellant's App. Vol. II p. 24. The trial court denied the motion. Warren then filed a motion to correct error, which the trial court also denied. Warren now appeals.

## Analysis

[6] Warren argues that the trial court erred by denying his motion for relief from judgment, by failing to conduct an evidentiary hearing on his motion, and by denying his motion to correct error. According to Warren, his judgment of conviction was signed by a magistrate, who had no jurisdiction or authority to render judgment of conviction. Warren contends that his judgment of conviction is void and the trial court should have granted his motion for relief from judgment and his motion to correct error.

[7] In *Van Meter v. State*, 650 N.E.2d 1138, 1138 (Ind. 1995), our supreme court held that Indiana Trial Rule 60(B) cannot be used to challenge the validity of a criminal conviction. The court noted that criminal defendants may not circumvent the rules governing post-conviction relief proceedings "by seeking remedies under the civil law." *Van Meter*, 650 N.E.2d at 1138. The court held that the defendant was required to raise the challenge to his convictions through post-conviction procedures. *Id.* at 1139. Similarly, here, Warren was required

to raise his argument regarding the validity of his conviction through post-conviction relief proceedings. Because Warren has already filed a petition for post-conviction relief, he would have been required to raise the issue through successive post-conviction relief proceedings. *See* Ind. Post-Conviction Rule 1(12). We conclude that the trial court properly denied Warren's motion for relief from judgment and motion to correct error.

## Conclusion

[8] The trial court properly denied Warren's motion for relief from judgment and motion to correct error. We affirm.

May, J., and Bradford, J., concur.