## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 10 2018, 10:18 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT *PRO SE*

Joseph Miller
Bunker Hill, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Jesse R. Drum
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Joseph Miller,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | October 10, 2018<br><br>Court of Appeals Case No.<br>18A-CR-232<br><br>Appeal from the Marion Superior<br>Court<br><br>The Honorable Sheila A. Carlisle,<br>Judge<br><br>Trial Court Cause No.<br>49G03-1502-F5-6841 |

**Bradford, Judge.**

# Case Summary

[1] Joseph Miller raised a collateral challenge to his sentence by filing an Indiana Trial Rule 60(B) motion for relief from judgment. He appeals from the denial of this motion. Because the Supreme Court has established that a criminal defendant may not collaterally challenge his sentence through a Trial Rule 60(B) motion, we affirm.

# Facts and Procedural History

[2] On June 16, 2015, Miller pled guilty under cause number 49G03-1502-F5-6841 ("Cause No. F5-6841") to Level 5 felony robbery and was sentenced to three years, with one year executed in the Department of Correction ("DOC") and two years in community corrections. The State subsequently alleged that Miller had violated the terms of his community-corrections placement by committing a new crime. Following a March 23, 2016 hearing, the trial court took the violation under advisement pending disposition of the new charge.

[3] Miller was sentenced on April 18, 2016, under Cause Number 49G24-1602-F6-6681 ("Cause No. F6-6681"), to approximately two years in the DOC after pleading guilty to Level 6 felony failure to return to lawful detention. On May 4, 2016, under Cause No. F5-6841, the trial court revoked Miller's community-corrections placement and ordered him to serve the remaining 518 days of his sentence in the DOC. The trial court further ordered that Miller's sentence should run consecutively to his sentence in Cause No. F6-6681. On December

21, 2017, Miller filed a Trial Rule 60(B) motion for relief from the trial court's judgment. Later that day, the trial court denied Miller's motion.

## Discussion and Decision

[4] In filing his Trial Rule 60(B) motion, Miller challenged the order in which the DOC credited him as serving his consecutive sentences in Cause Nos. F5-6841 and F6-6681. The trial court denied Miller's motion. Miller contends on appeal that the trial court erred by doing so. We disagree.

[5] In *Van Meter v. State*, 650 N.E.2d 1138, 1138 (Ind. 1995), the Indiana Supreme Court held that a defendant may not collaterally attack his criminal convictions or sentence through a Trial Rule 60(B) motion, rather than employing the established procedures for post-conviction relief. The Court explained that "[g]enerally, our Trial Rules govern procedure and practice in civil cases only." *Id.* (internal citation omitted). "We established the special procedures set out in the Indiana Post-Conviction Rules to facilitate review of criminal convictions and sentences." *Id.* "Criminal defendants may not circumvent these procedures by seeking remedies under the civil law." *Id.* (internal citations omitted); *see also* Ind. Post-Conviction Rule 1(b) (providing that the post-conviction rules provide the exclusive method to raise a collateral challenge to a criminal conviction or sentence). The trial court, therefore, did not err by denying Miller's motion.

[6] Miller also contends that he was denied a fair hearing because the trial court was biased against him. "A defendant asserting judicial bias must show that the trial judge's actions and demeanor showed partiality and prejudiced his case." *Brown v. State*, 746 N.E.2d 63, 71 (Ind. 2001). Miller alleges that the trial court "abandoned her position of neutrality, by advocating for the State, when the State filed no answer or opposition to [his] motion, and [he] was entitled to relief, pursuant to prevailing law." Appellant's Br. pp. 15–16. His claim is essentially that the trial court demonstrated bias by ruling against him. Prejudice, however, "is not derived from judicial rulings." *Garland v. State*, 788 N.E.2d 425, 433 (Ind. 2003). The record does not contain any indication of judicial bias, and, considering that the trial court could not grant Miller the requested relief, the denial of his motion does not represent an abandonment of neutrality or bias against Miller.

[7] The judgment of the trial court is affirmed.

Bailey, J, and Mathias, J., concur.