

FILED

Jan 31 2019, 7:28 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

J. Michael Woods
Stracci Criminal Defense, P.C.
Merrillville, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General

Angela N. Sanchez
Assistant Section Chief,
Criminal Appeals
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Jamil Michael Pirant,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

January 31, 2019

Court of Appeals Case No.
18A-CR-1225

Appeal from the Lake Superior
Court

The Honorable Samuel L. Cappas,
Judge

Trial Court Cause Nos.
45G04-0905-MR-4
45G04-0905-FA-16

**Crone, Judge.**

# Case Summary

In 2008, the State initiated juvenile delinquency referrals against fifteen-year-old Jamil Michael Pirant for committing acts amounting to murder and class A felony attempted murder if committed by an adult. He was waived to adult court, where he pled guilty to murder while perpetrating a robbery and attempted murder. Nearly a decade later, he filed a motion to set aside his convictions pursuant to Indiana Trial Rule 60(B), claiming that the adult court lacked subject matter jurisdiction because he received ineffective assistance of counsel during his waiver hearing. The trial court denied his motion, and we affirm.

# Facts and Procedural History

The facts as stipulated in conjunction with Pirant's plea agreement are as follows. In November 2007, fifteen-year-old Pirant and some friends agreed to rob and "take care of" Dominique Keesee. Appellant's App. Vol. 3 at 29. They forced their way into Keesee's home, ordered him at gunpoint to open his safe, stole marijuana and other personal property, and shot him until he was dead. Less than two weeks later, Pirant shot Patrick Goodman with a .22 caliber revolver during a conversation on an East Chicago street. Goodman survived.

In 2008, the State filed juvenile delinquency petitions alleging that Pirant committed acts amounting to murder and class A felony attempted murder if committed by an adult. In 2009, the State filed petitions to waive Pirant to

adult court in both causes, which the juvenile court granted following a hearing, at which he was represented by counsel ("waiver counsel").

[4] In May 2009, the State charged Pirant with murder in cause 45G04-0905-MR-4 ("Cause 4") and subsequently amended the information to include counts of murder in the perpetration of a robbery and class B felony robbery. The State charged Pirant with class A felony attempted murder in cause 45G04-0905-FA-16 ("Cause 16"). Pirant was represented by the same counsel in adult court ("trial counsel"). In August 2009, Pirant entered into a plea agreement whereby he pled guilty to murder in the perpetration of a robbery in Cause 4 and attempted murder in Cause 16, in exchange for the dismissal of the remaining charges in Cause 4. Pursuant to the agreement, Pirant was to provide testimony at the trials of his friends. The plea agreement fixed his aggregate sentence at forty-five years. The factual basis was stipulated, and the trial court took the matter under advisement pending a hearing for formal acceptance and sentencing. Pirant's counsel moved to continue the hearing, which the trial court granted. Before the acceptance and sentencing hearing, Pirant was called to testify at the trial of one of his friends and refused. Trial counsel moved to withdraw, and Pirant moved to withdraw his guilty plea. The trial court denied both motions, accepted the plea agreement, and sentenced Pirant accordingly.

[5] In 2011, Pirant filed a petition for post-conviction relief ("PCR"), in which he raised ineffective assistance of trial counsel during the proceedings in adult court and trial court error concerning his motion to withdraw his guilty plea.

The post-conviction court denied Pirant's petition following a hearing, and Pirant filed a notice of appeal. In 2013, this Court dismissed his appeal with prejudice after he failed to file an appellant's brief.

[6]     In 2018, Pirant filed a motion to vacate his convictions pursuant to Trial Rule 60(B)(6). The trial court denied Pirant's motion, finding that he filed the motion "years beyond what might be deemed 'within a reasonable time.'" Appealed Order at 1. Pirant filed a motion to correct error, which the trial court also denied. He now appeals. Additional facts will be provided as necessary.

## Discussion and Decision

[7]     Pirant contends that the trial court erred in denying his motion to set aside his convictions pursuant to Trial Rule 60(B)(6). A ruling on a Trial Rule 60(B) motion is left to the trial court's sound discretion. *State v. Willits*, 773 N.E.2d 808, 811 (Ind. 2002). On review, we will reverse only if the trial court abused that discretion. *Id*. An abuse of discretion occurs if the trial court's decision is clearly against the logic and effect of the facts and circumstances before it or if it misinterpreted the law. *Id*. We may affirm on any basis supported by the record. *State v. Chavez*, 956 N.E.2d 709, 712 (Ind. Ct. App. 2011).

[8]     Indiana Trial Rule 60(B)(6) provides that the trial court may relieve a party from judgment where "the judgment is void[.]" Trial Rule 60(B) specifies that "[t]he motion shall be filed within a reasonable time for reasons (5), (6), (7), and (8)." Pirant claims that his motion was not subject to the "reasonable time"

rule because it was based on a lack of subject matter jurisdiction, which, he maintains, made his waiver to adult court void. *See Downham v. Wagner*, 408 N.E.2d 606, 611 (Ind. Ct. App. 1980) (lack of subject matter jurisdiction may be raised at any time before final decision, and where apparent, trial court must raise issue sua sponte if party does not raise it); *see also Tapia v. Heavner*, 648 N.E.2d 1202, 1205 (Ind. Ct. App. 1995) (when court lacks subject matter jurisdiction, any action it takes is void).

[9]     Pirant's case does not present a classic subject matter jurisdiction challenge. Instead, he argues that the trial court lacked subject matter jurisdiction to hear his case because the waiver hearing in the juvenile court was flawed. The flaw, he asserts, is that waiver counsel provided ineffective assistance during that hearing.[1] In its order denying Pirant's Trial Rule 60(B) motion, the trial court recognized that Pirant had already "litigated an ineffective assistance claim [as to trial counsel] and that he now raises another claim of ineffectiveness [as to waiver counsel] as the core of a T.R. 60(B) motion." Appealed Order at 1.

---

[1] Pirant relies on *Gingerich v. State* as support for his argument that he is now entitled to challenge alleged defects during juvenile waiver proceedings after entering a guilty plea and being sentenced in adult court. 979 N.E.2d 694, 703-06 (Ind. Ct. App. 2012), *trans. denied* (2013). In *Gingerich*, a juvenile murder defendant challenged on direct appeal of his adult court conviction certain actions by the juvenile court during waiver proceedings, i.e., the denial of a continuance that allegedly resulted in denying him a full and fair opportunity to prepare for the waiver hearing. *Id*. at 705-06. Another panel of this Court held that Gingerich did not waive the right to appeal the alleged juvenile court error by pleading guilty in adult court. *Id*. at 712. We find *Gingerich* distinguishable, as it addressed the availability of the alleged error for *direct appeal*. In contrast, here, Pirant's appeal comes nearly a decade after his waiver and subsequent plea agreement and more than six years after his first PCR petition.

[10] We believe that Pirant's motion is essentially a claim for post-conviction relief and should have been filed as such. Indiana Post-Conviction Rule 1 § 1(b) states that the rule "takes the place of all other common law, statutory, or other remedies heretofore available for challenging the validity of the conviction or sentence and it *shall be used exclusively* in place of them." (Emphasis added.) In other words, "[g]enerally, our Trial Rules govern procedure and practice in civil cases only …. [and our] Post-Conviction Rules … facilitate review of criminal convictions and sentences." *Van Meter v. State*, 650 N.E.2d 1138, 1138 (Ind. 1995). "Criminal defendants may not circumvent these procedures by seeking remedies under the civil law." *Id.*[2] Post-Conviction Rule 1 § 12(b) allows a petitioner to file a request for a successive PCR petition, subject to the PCR court's authorization, where "the petitioner establishes a reasonable possibility that [he] is entitled to post-conviction relief."

[11] Pirant correctly submits that he is not attempting to relitigate a claim that was dismissed with prejudice by this Court, as his current claim of ineffectiveness involves the performance of his waiver counsel in the juvenile court as opposed to the ineffectiveness of trial counsel during plea negotiations. Even so, he was required to raise any collateral challenges to his convictions through post-conviction proceedings, meaning that he is limited to filing a request for a

---

[2] In *J.W. v. State*, No. 19S-JV-12 2019 WL 140041 (Ind. Jan. 9, 2019), our supreme court, noting that PCR proceedings apply only to adult criminal convictions, held that "Trial Rule 60 is an appropriate avenue through which a juvenile must raise any and all claims premised on the illegality of an agreed delinquency adjudication." *Id.* at *4. *J.W.* is distinguishable because here, Pirant seeks to vacate his convictions entered after he pled guilty in adult court, and as such, must raise his claims through PCR proceedings. Ind. Post-Conviction Rule 1 § 1(b); *Van Meter*, 650 N.E.2d at 1138.

successive PCR petition, subject to the parameters and procedures outlined in Post-Conviction Rule 1 §§ 8 and 12.[3] Because Pirant was required to raise his collateral challenge to his convictions through post-conviction proceedings, the trial court acted within its discretion in denying his Trial Rule 60(B) motion to vacate them. Accordingly, we affirm the trial court's denial, without prejudice to Pirant's ability to pursue relief subject to the rules and procedures governing successive PCR petitions.

[12] Affirmed.

Vaidik, C.J., and Mathias, J., concur.

---

[3] Post-Conviction Rule 1 § 8 states,

> All grounds for relief available to a petitioner *must be raised in his original petition*. Any ground finally adjudicated on the merits or not so raised and knowingly, voluntarily and intelligently waived in the proceeding that resulted in the conviction or sentence, or in any other proceeding the petitioner has taken to secure relief, may not be the basis for a subsequent petition, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original petition.

(Emphasis added.) We note that the issue of ineffective assistance of waiver counsel was available when Pirant filed his 2011 PCR petition.