## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 07 2020, 8:09 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Ivan A. Arnaez
Evansville, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Samuel J. Dayton
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

T.B.,
*Appellant-Respondent,*

v.

State of Indiana,
*Appellee-Plaintiff.*

October 7, 2020

Court of Appeals Case No.
20A-JV-852

Appeal from the Posey Circuit
Court

The Honorable Craig Goedde,
Judge

Trial Court Cause No.
65C01-0908-JD-179

**Mathias, Judge.**

[1] In 2010, the Posey Circuit Court adjudicated T.B. to be a delinquent child for committing what would have been Class C felony child molesting if committed

by an adult and ordered T.B. to register as a sex offender. Ten years later, T.B. filed a motion to set aside the juvenile court's adjudication, claiming that he was denied the right to a jury trial. The juvenile court rejected T.B.'s motion, concluding that it lacked jurisdiction because T.B. was no longer a juvenile. T.B. appeals and claims that the juvenile court erred in denying his motion because he was denied what he contends to be his common-law right to a jury trial. Although the juvenile court erred when it determined that it lacked jurisdiction to entertain T.B.'s motion, we nevertheless affirm the trial court's denial of T.B.'s motion to set aside because it fails as a matter of law.

## Facts and Procedural History

[2] On August 21, 2009, the State filed a petition alleging that T.B. was a delinquent child for committing what would be Class C felony child molesting if committed by an adult. At a fact-finding hearing held on April 21, 2010, T.B. admitted to the allegations in the petition, and the juvenile court found T.B. to be a delinquent child. The juvenile court held a dispositional hearing on June 7, 2010, at which time it placed T.B. on probation for twelve months. The court also ordered T.B. to undergo offender-specific counseling.

[3] On November 21, 2011, the juvenile court held a hearing to determine if T.B. should be required to register as a sex offender. The parties were ordered to submit their proposed findings and conclusions by January 23, 2012, and the court set a progress hearing for February 27, 2012. At the February 27 hearing, the juvenile court found T.B. to be at a high risk to commit a future sex offense and ordered him to register as a sex offender for the next ten years. T.B.

appealed the juvenile court's order requiring that he register as a sex offender, but we affirmed the trial court's decision. *T.B.B. v. State*, No. 65A04-1203-JV-146, 2012 WL 3599365 (Ind. Ct. App. Aug. 22, 2012).

[4] On February 4, 2020, T.B. attempted to e-file a motion to set aside the juvenile court's orders finding him to be a delinquent child and requiring him to register as a sex offender. Appellant's App. p. 12. On March 3, 2020, the juvenile court rejected the e-filing, concluding that it "ha[d] no jurisdiction over the Motion due to the fact that [T.B.] is no longer a juvenile (but an adult age 28 . . .), that the matter was appealed and ruled upon with no additional appeal, and that the matter is now closed." *Id*. at 12.[1]

[5] Then, on March 10, 2020, T.B. again e-filed his motion to set aside. This time, the juvenile court accepted the filing but denied the motion, again concluding that it "d[id] not have jurisdiction over the matter" for the reasons it stated when it rejected the initial e-filing. T.B. now appeals.

## Indiana Trial Rule 60(B)

[6] A motion to set aside a judgment is governed by Indiana Trial Rule 60(B), which provides in relevant part as follows:

> **Mistake—Excusable Neglect—Newly Discovered Evidence—Fraud, etc.** On motion and upon such terms as are just the court

---

[1] For some reason, neither T.B.'s attempted e-filing nor the juvenile court's ruling thereon is listed in the court's chronological case summary. *See id*. at 9–10. They are, however, detailed in the juvenile court's order denying T.B.'s subsequent motion to set aside.

may relieve a party or his legal representative from a judgment, including a judgment by default, for the following reasons:

> (1) mistake, surprise, or excusable neglect;

> (2) any ground for a motion to correct error, including without limitation newly discovered evidence, which by due diligence could not have been discovered in time to move for a motion to correct errors under Rule 59;

> (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;

> * * *[2]

> (6) the judgment is void;

> (7) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or

> (8) any reason justifying relief from the operation of the judgment, other than those reasons set forth in sub-paragraphs (1), (2), (3), and (4).

*The motion shall be filed within a reasonable time for reasons (5), (6), (7), and (8), and not more than one year after the judgment, order or proceeding was entered or taken for reasons (1), (2), (3), and (4).* A movant filing a motion for reasons (1), (2), (3), (4), and (8) must allege a meritorious claim or defense. A motion under this subdivision (B) does not affect the finality of a judgment or

---

[2] Subsections (4) and (5) deal respectively with entry of default judgment against a party who was served only by publication and where an infant or incompetent person was not represented by a guardian or other representative. These subsections are inapplicable to the present case

suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order or proceeding or for fraud upon the court. Writs of coram nobis, coram vobis, audita querela, and bills of review and bills in the nature of a bill of review, are abolished, and the procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action.

T.R. 60(B) (emphases added).

[7] Because a juvenile delinquency adjudication is civil in nature, post-conviction procedures are not available to challenge such an adjudication. *A.S. v. State*, 923 N.E.2d 486, 489 (Ind. Ct. App. 2010) (citing *J.A. v. State*, 904 N.E.2d 250, 254 n.1 (Ind. Ct. App. 2009), *trans. denied*). Accordingly, our supreme court has held that "Trial Rule 60 is an appropriate avenue through which a juvenile must raise any and all claims premised on the illegality of an agreed delinquency adjudication." *J.W. v. State*, 113 N.E.3d 1202, 1207–08 (Ind. 2019). We review a trial court's ruling on a Trial Rule 60(B) motion for an abuse of discretion. *A.S.*, 923 N.E.2d at 490 (citing *S.E. v. State*, 744 N.E.2d 536, 538 (Ind. Ct. App. 2001)).

## Discussion and Decision

[8] T.B. claims that the juvenile court erred in denying his motion for relief from judgment because, he insists, he was denied his right to a jury trial. The juvenile court concluded that it lacked jurisdiction because T.B. is now an adult. The State concedes that the juvenile court had jurisdiction, but it insists that the court properly denied T.B.'s motion. We agree with the State that the court had

continuing jurisdiction to modify its original order. *D.D.J. v. State*, 640 N.E.2d 768, 769 (Ind. Ct. App. 1994), *trans. denied*; *see also Jordan v. State*, 549 N.E.2d 382 (Ind. Ct. App. 1990) (considering juvenile court's denial of Trial Rule 60(B) motion filed by now-adult petitioner), *trans. denied*. But we also agree with the State that the trial court nevertheless properly denied T.B.'s motion for relief from judgment. *See Pirant v. State*, 119 N.E.3d 178, 180 (Ind. Ct. App. 2019) (holding that court on appeal may affirm trial court's ruling on motion for relief from judgment if it is sustainable on any basis supported by the record). And here, there are several bases in the record to support the denial of T.B.'s motion.

[9] The first is procedural. Although he appeals from the denial of his motion for relief from judgment, no portion of his forty-page brief (or his fifty-eight-page motion for relief from judgment) explains under which subsection of Trial Rule 60(B) he brought his motion. Even if we overlook this failure to cogently argue the procedural aspects of his case, we observe that a motion to set aside a judgment brought under subsections (1), (2), (3), and (4) of Trial Rule 60(B) must be brought within one year of the judgment. Thus, to the extent that T.B.'s motion is based on any of these reasons, it is untimely.

[10] And to the extent T.B.'s motion sought relief under subsections (5), (6), (7), or (8) of Trial Rule 60(B), it was still required to be filed within a reasonable time. Here, T.B. filed his motion for relief from judgment almost ten years after his juvenile adjudication. T.B. makes no argument regarding why this excessive delay was reasonable, and we conclude that it was not reasonable. *See Jordan, 549 N.E.2d at 384* (holding that lapse of over twenty years between juvenile

delinquency adjudication and motion for relief from judgment supported conclusion that motion was not filed within a reasonable time).

[11] Furthermore, there is no indication in the record before us that T.B. ever requested that the juvenile court hold a jury trial or that he ever objected to having his case heard by the court instead. Nor did he present such a claim in his direct appeal. This issue was known and available to T.B. at the time of his direct appeal, yet he failed to present it. Trial Rule 60(B) cannot be used to present a claim that could have been, but was not, presented on direct appeal. *Perkins v. State*, 718 N.E.2d 790, 792 (Ind. Ct. App. 1999).

[12] Perhaps most important, however, is that T.B.'s claim that he was entitled to a jury trial at his juvenile delinquency adjudication is directly in conflict with binding precedent from our supreme court. In *Bible v. State*, 253 Ind. 373, 389, 254 N.E.2d 319, 327 (1970), our supreme court clearly held that "after very careful consideration of the case law, our Juvenile Act and the guidelines formulated by the U.S. Supreme Court, we have reached the conclusion that a juvenile is not constitutionally entitled to a trial by jury at a delinquency hearing." T.B. acknowledges the holding in *Bible*, but he claims that our supreme court was wrong. Although T.B. is certainly free to make this argument, we are required to follow the binding precedent of our supreme court. "We are bound by the decisions of our supreme court." *Dragon v. State*, 774 N.E.2d 103, 107 (Ind. Ct. App. 2007) (citing *In re Petition to Transfer Appeals*, 202 Ind. 365, 376, 174 N.E. 812, 817 (1931)).

[13]     For all of these reasons, we affirm the judgment of the trial court denying T.B.'s motion for relief from judgment.

[14]     Affirmed.

Bradford, C.J., and Najam, J., concur.